**UNITED STATES of America,
Appellee,**

v.

**William Freeman SNOW, Appellant.**

No. 74–2933.

United States Court of Appeals,
Ninth Circuit.

May 29, 1975.

**442**

Philip Fahringer (argued), Tucson, Ariz., for appellant.

Irma Dirst, Asst. U. S. Atty. (argued), for appellee.

Before HUFSTEDLER and SNEED, Circuit Judges, and NIELSEN,* District Judge.

OPINION

SNEED, Circuit Judge:

Bill Snow was convicted by a jury for having knowingly possessed an unregistered firearm, in violation of 26 U.S.C. § 5861(d) and § 5871. To support its contention that the weapon was knowingly possessed by Bill Snow, the government, after establishing what the trial

court regarded as a proper foundation, was permitted to introduce into evidence the brief case in which the gun was found. Affixed to the brief case was a red tape with the lettering "Tri. Tron. Electronics" and "Bill Snow." Snow assigns as error the admission into evidence of the tag bearing his name on the grounds that it constitutes inadmissible hearsay. We hold that the tag was not inadmissible hearsay. It was circumstantial evidence properly admitted. We affirm the conviction.

██ We shall not attempt to summarize the evidence introduced by the prosecution to establish the elements of the offense and to lay a proper foundation for the introduction of the brief case and the red tape affixed thereto. We have read the transcript of the trial and it is enough for present purposes to point out that the evidence tended to show that the case with the affixed red tape was found on premises frequently visited by the defendant by police officers properly on such premises, that at that time the unregistered firearm, an automatic weapon, was found within the case, that a latent fingerprint of the defendant was found on the weapon, that the weapon and the case with the affixed tape remained within the custody of the authorities from the time of its discovery to the trial, and that the defendant, prior to the discovery of the case by the police, had been seen with a case which had a name tape affixed thereto on the premises at which the case was found. The major weakness of the government's evidence was that the witness, who testified that she had seen the defendant with a case having a tape affixed thereto, also testified that the case sought to be introduced in the defendant's trial was not the case that she had seen in the defendant's possession.

The trial judge, prior to his ruling that the name tape was admissible, required the government to conceal the case and the tape from the jury while the foundation for its admission sketched above

* Honorable Leland C. Nielsen, United States District Judge, Southern District of California, sitting by designation.

was laid. This was done by placing the case and the automatic weapon in a box and requiring the witnesses to examine them by looking into the box.

■ The appellant insists that the tape is inadmissible hearsay. His argument is relatively simple. He asserts that the tape is a statement made out of court offered as an assertion to show the truth of the matter asserted therein, the probative value of which rests upon the credibility of the out-of-court asserter. *See* McCormick on Evidence, § 246 (2d ed. 1972). The assertion, of course, is "This case belongs to Bill Snow," a reasonable interpretation of the lettering appearing on the tape.

We reject this view. In doing so, we are required to examine some fundamental principles of the law of evidence. Wigmore classifies evidentiary facts in the following manner:

There are two possible modes of proceeding for the purpose of producing persuasion on the part of the tribunal as to the Proposition at issue.

The first is by the presentation of the *thing itself* as to which persuasion is desired.

The second is the presentation of some *independent fact* by inference from which the persuasion is to be produced. Instances of the first are the production of a blood-stained knife; the exhibition of an injured limb; the viewing of premises by the jury; the production of a document.

The second falls further into two classes, according as the basis of inference is (a) the *assertion of a human being* as to the existence of the thing in issue, or (b) *any other fact;* the one is termed Testimonial or Direct Evidence, the other Circumstantial or Indirect Evidence.

1 Wigmore on Evidence, § 24 (3rd ed. 1940) (emphasis supplied). The case with the affixed tape without question falls within the second possible mode of proceeding set forth above. The appellant's position when placed within the framework of this analysis is that the tape is "an assertion of a human being as to the existence of the thing in issue." The position of the United States and the trial judge, on the other hand, is that the tape, like the case to which it is affixed, is "Circumstantial or Indirect Evidence." We adhere to this view. *See Campbell v. United States,* 466 F.2d 529 (9th Cir. 1972); *United States v. Ellis,* 461 F.2d 962 (2d Cir. 1972); *United States v. Hazeltine,* 444 F.2d 1382 (10th Cir. 1971).

Continuing with Wigmore's analytics, the hearsay rule "signifies *a rule rejecting assertions, offered testimonially, which have not been in some way subjected to the test of cross-examination.*" 5 Wigmore § 1362 (Chadbourn rev. 1974).[1] To exclude the name tape as hearsay, therefore, it would be necessary to find that the tape is a testimonial assertion of the proscribed sort which is not admissible under any exception to the hearsay rule.

It is clear that under Wigmore's classification scheme the name tape constitutes an evidentiary fact, other than an assertion "from which the truth of the matter asserted is desired to be inferred," 1 Wigmore, § 25 (3rd ed. 1940), which he describes as a "mechanical trace" designed to show that at some previous time a certain act was or was not done. 1 Wigmore § 148 (3rd ed. 1940). A "mechanical trace," thus, is a type of circumstantial evidence[2]. Examples offered by Wigmore of "mechanical traces" are, *inter alia,* the presence upon the person or premises of articles, fragments, stains, tools, brands on ani-

1. Rule 801(c) Rules of Evidence For United States Courts and Magistrates, defines Hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Rule 801(a) defines a statement as "(1) an oral or written assertion or (2) nonverbal conduct of a person, if it is

intended by him as an assertion." Pub.L. 93–595, § 1, Jan. 2, 1975, 88 Stat. 1938.

2. "Mechanical traces" are discussed under Wigmore's "Title I—Circumstantial Evidence." More precisely, "mechanical traces" are discussed in Topic III, Sub-Title I, of Title I—Circumstantial Evidence. See 1 Wigmore, xxii–xxiv, (3rd ed. 1940).

mals and timber, tags, signs, license plates, fingerprints, foot marks, and documents. 1 Wigmore §§ 148–157 (3rd ed. 1940).

The firmness with which we are able to assert that under Wigmore's analysis the name tape before us is circumstantial evidence is strengthened when the cases are reviewed which he collected to illustrate that tags, signs, etc. are "mechanical traces." These cases include instances in which the uniform of the driver of a vehicle was admissible to prove the identity of his employer, or the name on a wagon or truck to prove ownership of the vehicle, the name on a dog collar to prove ownership of dog, the wearing of a uniform to prove employment by the persons whose name appears on the uniform, and lettering on a locomotive to prove its ownership.[3]

Perhaps the most compelling evidence of Wigmore's view is his comment on *People v. Hill*, 198 N.Y. 64, 91 N.E. 272 (1910). An issue in *Hill* was the admissibility of a bunch of keys with a name tag bearing the defendant's name found near the place where the homicide occurred for which the defendant was being tried. The New York Court of Appeals expressed some doubt about the admissibility of the keys and tag although the court did not indicate that its doubt rested in any way upon the assumed hearsay character of the tag. Wigmore, in a note, observed:

> . . . [T]his case shows how different a man the judge is when reasoning about his own affairs at home and reasoning in the judicial straitjacket; suppose he had forbidden a certain young man to court his daughter and then one morning found on the parlor floor by the sofa a bunch of keys with the tabooed young man's name; would he hold that there was some doubt whether the evidence was properly admitted?[4]

The present antiquarian flavor of the example Wigmore chose to demonstrate his

belief that the name tag was admissible should not detract from the force of his observation. The rules of evidence since Wigmore's time have changed much less than the practices of courtship.

▮ Treating the name tape as circumstantial evidence, whether viewed as part of the case or separate and apart from the case, permits its admissibility to be governed initially by the standard of relevancy. To meet this standard it is only necessary to show that the name tape renders the inference that the appellant owned the case more probable than it would be without the name tape.[5] Our review of the trial transcript convinces us that the careful foundation built by the prosecution at the insistence of the trial judge enabled the name tape to meet this test.

▮▮ We are aware, as was the trial court, that the inference sought to be drawn by the prosecution from the name tape might be false. Someone other than the defendant may have placed his name on a case that never belonged to him and into which they placed the automatic weapon. Wigmore teaches, however, that all circumstantial evidence is subject to being explained away. 1 Wigmore, § 148 (3rd ed. 1940). Once the standard of relevancy is met, the existence of the possibility of explaining it away can not be employed to deny admission. The party seeking to avoid the inference for which the evidence is offered must attempt the explanation and it is for the fact finder to determine whether he succeeds. In this case the jury found the appellant's explanation unconvincing. There exists no reason to overturn their conclusion.

▮ The soundness of our view that evidence such as the name tag here before us is not hearsay very likely would be beyond question had the words appearing on the tape been stamped on the case. The distinction between a named stamped and printed on an affixed tape,

---

**3.** 1 Wigmore, § 150(a), fn. 1 (3rd ed. 1940).

**4.** *Id.*

**5.** McCormick on Evidence, § 185 (2d ed. 1972).

however, goes only to the probative force of an offered explanation. The circumstantial character of the evidence before us is underscored, moreover, when it is pointed out that had clothing or other articles bearing Bill Snow's name been found in the case their admissibility very likely would not have been disputed.

There exists no reversible error. Affirmed.