UNITED STATES of America, Appellee,

v.

James Hurley BOWLING, Appellant.

No. 94–1069.

United States Court of Appeals,
Eighth Circuit.

Submitted June 16, 1994.

Decided Aug. 5, 1994.

B. Dale West, North Little Rock, AR, argued, for appellant.

Kevin T. Alexander, Asst. U.S. Atty., Little Rock, AR, argued, for appellee.

Before MORRIS SHEPPARD ARNOLD, Circuit Judge, and HENLEY and JOHN R. GIBSON, Senior Circuit Judges.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

In September, 1993, a federal jury in Little Rock, Arkansas, convicted James Bowling of four charges—two counts of possession of drugs with the intent to distribute them, one count of possession or use of a firearm in relation to a drug offense, and one count of possession by a felon of a firearm that has traveled in interstate commerce. The trial court ordered a judgment of acquittal on a fifth count—conspiracy to distribute methamphetamine. Mr. Bowling appeals the two firearms convictions, arguing several grounds for reversal. He also appeals the trial court's refusal to depart downward from the relevant federal sentencing guideline range for his offenses. We affirm the trial court[1] in all respects.

I.

Mr. Bowling first challenges the sufficiency of the evidence on the two firearms counts. With respect to the charge of possession or use of a firearm in relation to a drug offense, see 18 U.S.C. § 924(c)(1), he argues that the evidence was inadequate to establish a connection between the revolver

---

1. The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas.

found in his house and the drugs found there. With respect to the charge of possession by a felon of a firearm that has traveled in interstate commerce, *see* 18 U.S.C. § 922(g)(1), he argues that the evidence was inadequate to establish that the revolver found in his house had traveled in interstate commerce.

■ One of the police officers who arrested Mr. Bowling and searched his house testified that he found a cassette tape case in a laundry basket and that the tape case contained five plastic baggies of marijuana. The police officer further stated that he found a loaded revolver directly under the tape case. That evidence, viewed in the light most favorable to the government, *see, e.g., United States v. Jones,* 990 F.2d 1047, 1048 (8th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 699, 126 L.Ed.2d 666 (1994), is sufficient to sustain Mr. Bowling's conviction for possession or use of a firearm in relation to a drug offense. *See, e.g., United States v. Hughes,* 940 F.2d 1125, 1127 (8th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 267, 116 L.Ed.2d 220 (1991); *United States v. Drew,* 894 F.2d 965, 968 (8th Cir.1990), *cert. denied,* 494 U.S. 1089, 110 S.Ct. 1830, 108 L.Ed.2d 959 (1990); and *United States v. Young–Bey,* 893 F.2d 178, 181 (8th Cir.1990).

■ The police officer also testified that the revolver had a serial number and a manufacturer's name stamped on it when it was found. A firearms expert testified that New England Firearms—the manufacturer whose name was on the revolver—had a manufacturing plant in Massachusetts and did not manufacture firearms in Arkansas. In so testifying, the firearms expert relied on directories of firearms manufacturers that were provided to him by the federal government. That evidence, viewed in the light most favorable to the government, *see, e.g., United States v. Jones,* 990 F.2d at 1048, is sufficient to establish that the revolver had traveled in interstate commerce and thus to sustain Mr. Bowling's conviction as a felon in possession of a firearm that has traveled in interstate commerce. *See, e.g., United States v. Cox,* 942 F.2d 1282, 1286 (8th Cir. 1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1298, 117 L.Ed.2d 520 (1992), and *United States v. Glass,* 761 F.2d 479, 480 (8th Cir.

1985), *cert. denied,* 474 U.S. 856, 106 S.Ct. 161, 88 L.Ed.2d 134 (1985).

■ Mr. Bowling objected on hearsay grounds to the admission into evidence of the manufacturer's name stamped on the firearm. We believe that the court properly overruled the objection. A name, as opposed to a statement as to what someone's name is, is not a statement of fact, and therefore it was not admitted for the truth of the matter asserted. The question is really one of authenticity, but an authenticity objection was not made. If it had been, it would have been properly overruled, as the jury could have reasonably concluded that the firearm was what it purported to be, namely, a New England Firearms revolver. *See* Fed. R.Evid. 901(a), 901(b)(3), 901(b)(4).

## II.

■ The count of the indictment that charged Mr. Bowling with possession or use of a firearm in relation to a drug offense specifically referred to "the drug trafficking crime alleged" in the conspiracy count "and" the two counts of possession of drugs with the intent to distribute them. As noted above, the trial court directed a judgment of acquittal on the conspiracy count. Mr. Bowling contends on appeal that that judgment of acquittal bars his conviction on that firearms charge. The essence of his argument is that in order to convict him on that firearms charge, the government had to prove the conspiracy charge and that, since the trial court dismissed the conspiracy charge, the evidence was insufficient as a matter of law to sustain that firearms charge.

The courts have repeatedly rejected such arguments, holding that proof of any one of multiple predicate acts listed in the conjunctive is sufficient to sustain a conviction dependent on the commission of *a* predicate act. *See, e.g., Turner v. United States,* 396 U.S. 398, 420, 90 S.Ct. 642, 654, 24 L.Ed.2d 610 (1970), and *Crain v. United States,* 162 U.S. 625, 636, 16 S.Ct. 952, 955, 40 L.Ed. 1097 (1896). *See also United States v. Vickerage,* 921 F.2d 143, 147 (8th Cir.1990); *United States v. DePuew,* 889 F.2d 791, 793 (8th Cir.1989); and *United States v. McGinnis,*

783 F.2d 755, 757 (8th Cir.1986). Because Mr. Bowling was convicted of two of the three predicate acts listed in that firearms charge, the conviction on that charge is valid. For the same reasons, we reject Mr. Bowling's argument that the jury instruction on that firearms charge was improper.

### III.

Finally, Mr. Bowling contends that the trial court erred in refusing to depart downward from the relevant federal sentencing guidelines range for his offenses. From the transcript of the sentencing hearing, it is clear that the trial court was aware of its authority to depart yet chose not to do so. That decision is neither reviewable, *see, e.g., United States v. Brown*, 18 F.3d 1424, 1425 (8th Cir.1994) (*per curiam* ), nor, in our view, an abuse of discretion in the circumstances of this case.

### IV.

For the reasons stated, we affirm the trial court.