# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1789

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　　Plaintiff - Appellee,　　*
　　　　　　　　　　　　　　　　　　*　　On Appeal from the United
　　　v.　　　　　　　　　　　　　　*　　States District Court for the
　　　　　　　　　　　　　　　　　　*　　Southern District of Iowa.
Jonathan Charles Koch,　　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　　Defendant - Appellant.　*

_____

Submitted: September 23, 2010
Filed: November 17, 2010

_____

Before RILEY, Chief Judge, MURPHY and MELLOY, Circuit Judges.

_____

MURPHY, Circuit Judge.

Following a trial to the court, Jonathan[1] Koch was convicted of one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). The district court[2] sentenced Koch to 78 months imprisonment and five years of supervised release. Koch appeals, arguing that the district court erred in denying his motion to suppress evidence, that the evidence was insufficient to support his conviction, that

_____

[1]At various places in the record appellant's first name is also spelled as Jonathon.

[2]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

the court erred in evidentiary rulings, and that his sentence is substantively unreasonable with unduly restrictive conditions of supervised release. We affirm.

I.

In the fall of 2006 the Iowa Division of Criminal Investigations (DCI) received information that Koch, then an employee at Riverside Casino in Riverside, Iowa, was running illegal high stakes poker games at his residence. DCI began an investigation of Koch, led by agent Mark Weidman. During the investigation DCI agents learned that Koch was using computers to run his gambling operation. Based on this information they obtained a search warrant for his residence in May 2007. The warrant permitted the agents to search and seize computers and related equipment that could be used to record any data on the gambling operation.

During the search of Koch's home agents seized gambling equipment, records, and electronic equipment from Koch's basement, garage, two bedrooms, and a bathroom. Among the many items seized were a Compaq computer and an external storage device or flash drive, which were found in a bedroom Koch appeared to be using as an office. The parties agree that the evidence taken into custody as a result of the May 2007 search was lawfully seized pursuant to a valid search warrant.

Koch pled guilty to a state gambling offense in October 2007 and was sentenced in December 2007 with a deferred judgment and probation. In January 2008 agent Weidman was about to transfer to the state fire marshal's office and prepared to dispose of the evidence in DCI custody from the search of Koch's home, including the Compaq computer and flash drive.

Because agent Weidman had not previously been involved in the disposal of property, he contacted the county attorney's office for advice on how to proceed before he examined any of the evidence. The county attorney's office instructed

Weidman to obtain a disposal of property order from a state court judge. Weidman followed the office's advice and applied to a state court judge for such an order. With his application he provided the court a list of all the items in DCI custody relating to Koch's case. The state court then issued an order providing that the evidence seized as part of Koch's case could be disposed of in any one of three ways: it could be destroyed, returned to the owner upon proof of ownership, or retained by law enforcement for official use. The state court order thus left it to the agents to choose which option to use in disposing of the property.

Only after the disposition of property order had been obtained did agent Weidman and the three agents assisting him begin to review the evidence in DCI custody. They decided to retain certain evidence for training purposes, to destroy some, and to return any personal items to Koch provided that they did not contain any records or materials related to his illegal gambling operation. When the agents realized that the contents of the flash drive had never been opened or viewed, agent Jeffrey Miller opened the drive and clicked on one of its folders on his office computer to determine whether it contained any information on Koch's gambling operation. He saw some pictures of females. A few of the thumbnail images were expanded and Miller saw they were pornographic in nature and contained images of young females. He immediately removed the flash drive from his computer and informed his colleagues about what he had seen.

Agent Miller testified at the evidentiary hearing on Koch's motion to suppress that he had the flash drive open for no more than two minutes and had examined only four photographs before closing it. He then reopened the drive to show the other agents the final image he had viewed which he believed to be child pornography. The flash drive was open for a total of up to five minutes and was then removed from the computer. Agent Weidman contacted the Internet Crimes against Children (ICAC) division to report what they had seen.

An ICAC agent then obtained a new search warrant with specific authority to search the flash drive and the unexamined Compaq computer. ICAC criminalist Michael Morris subsequently conducted a forensic examination of the equipment. Morris discovered over 100 separate images of child pornography on both devices. Koch was later charged with one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B).

Prior to trial Koch moved to suppress the results of the initial viewing of the flash drive as well as all the evidence uncovered with the benefit of the new search warrant. He argued that the original search warrant obtained as part of the gambling investigation was stale at the time the flash drive was opened and that the search had exceeded the scope of the original warrant. After an evidentiary hearing, the district court denied Koch's motion. It concluded that the probable cause underlying the original warrant had been preserved while the flash drive remained in police custody, making the warrant still effective for search of the equipment. Alternatively, the court concluded that the DCI agents had acted in good faith under United States v. Leon, 468 U.S. 897 (1984).

Agent Morris testified at trial that he had uncovered 95 separate images of child pornography during the forensic examination of the entire flash drive. The images had been initially saved on the flash drive in June 2006 and were located in a folder which had to have been manually created by a user of the drive. Morris also testified that he uncovered 110 illegal images on Koch's computer, several of which were duplicative of those found on the flash drive. The images on the computer were initially saved in December 2002 and were also located in a folder which had to have been manually created by a user of the computer. In addition, there was forensic evidence that some of the images on the computer had been moved and saved in different folders and that 28 images had been manually deleted on the flash drive.

Morris testified that the user names on both the flash drive and the computer were variants of Koch's first name. The flash drive user was identified as "Jonathon" and the computer user as "Jo". Both devices also contained numerous documents authored by Koch for college courses and other subjects, as well as digital photographs of him. A number of these files were created within days of the dates the pornographic images had been saved, moved, or deleted on the respective devices.

Following the bench trial, the district court found Koch guilty of one count of possession of child pornography. The court sentenced him to 78 months and five years of supervised release. The court applied three sentencing guideline enhancements: two levels for possession of more than 10 but less than 150 images of child pornography, § 2G2.2(b)(7)(A); four levels for images representing sadistic or masochistic conduct, § 2G2.2(b)(4); and two levels for use of a computer, § 2G2.2(b)(6). Koch timely appealed his conviction and sentence.

II.

Koch argues that the district court erred in denying his motion to suppress the search of the flash drive and all computer related evidence. He asserts that the agents lacked probable cause and a valid warrant to search the drive. We review the district court's factual findings for clear error and its legal conclusions de novo. United States v. Romo-Corrales, 592 F.3d 915, 918 (8th Cir. 2010). We will affirm the court's order "unless the decision is unsupported by substantial evidence, is based on an erroneous view of the applicable law, or in light of the entire record, we are left with a firm and definite conviction that a mistake has been made." United States v. Rodriguez-Hernandez, 353 F.3d 632, 635 (8th Cir. 2003).

Koch does not contest that the computer and flash drive were lawfully seized in May 2007 under a valid warrant. He argues, however, that the January 2008 search of the flash drive should be suppressed because the warrant obtained as part of the

gambling investigation was no longer effective. He cites Iowa Code § 808.8 and Sgro v. United States, 287 U.S. 206, 210–11 (1932), both of which provide that a search warrant not executed within ten days of issuance is no longer valid. Since the original search warrant in this case was executed the same day it was issued, the ten day rule in Sgro and Iowa Code § 808.8 is not implicated.[3]

Koch also argues that the search of the flash drive exceeded the scope of the original warrant which authorized a search for evidence relating to a gambling operation. He relies on United States v. Carey, 172 F.3d 1268 (10th Cir. 1999). In Carey, the court suppressed evidence of child pornography discovered during a computer search for evidence of drug dealing. Id. at 1276. Observing that the police had spent several hours searching an entire hard drive for evidence of child pornography instead of drug evidence, the court concluded the search had exceeded the scope of the warrant. Id. at 1273–76. Here, the agents were reviewing evidence pursuant to a judicial disposal order, checking to see if it contained gambling information, when they encountered child pornography. They only looked at it briefly before closing the flash drive. No more searching occurred until after a new warrant was obtained. Koch has failed to show that his case is materially similar to Carey or any of the others he cited which excluded evidence on the basis of a Fourth Amendment violation.

Here, the basis for the district court's decision not to suppress the challenged evidence was that the probable cause underlying the original search warrant was still effective at the time the agents viewed the flash drive and thus the warrant was not stale. We need not address that issue, however, because we conclude that the agents had an objective, good faith belief under United States v. Leon that their search was

---

[3] Iowa Code § 808.8 would not control in any event because the legality of a search and seizure in a federal prosecution is determined by federal law even if the persons conducting a search were state actors. United States v. Maholy, 1 F.3d 718, 721 (8th Cir. 1993).

legal.  See United States v. Proell, 485 F.3d 427, 430 (8th Cir. 2007) ("applicability of the good-faith exception to the exclusionary rule" may be considered before assessing probable cause).

The Supreme Court recently reflected in Herring v. United States, 129 S. Ct. 695 (2009), that in "analyzing the applicability of the [exclusionary] rule, Leon admonished that we must consider the actions of all the police officers involved." Id. at 699.  That is because the exclusionary rule is directed at police misconduct which is intended to be deterred by its application.  Leon, 468 U.S. at 916.  Evidence should be suppressed "only if it can be said that the law enforcement officer[s] had knowledge, or may be properly charged with knowledge, that the search was unconstitutional under the Fourth Amendment."  Illinois v. Krull, 480 U.S. 340, 348–49 (1987).  We have defined the operative test as whether "a reasonably well trained officer would have known that the search was illegal." United States v. Perry, 531 F.3d 662, 665 (8th Cir. 2008).

Since the application of the test is fact driven, we review the facts here.  The flash drive and computer were originally seized in May 2007 under a valid search warrant.  The equipment then remained in the custody of law enforcement until agent Weidman was faced with disposing property in January 2008.  Before reviewing any of the evidence Weidman went to the county attorney's office for instructions on the correct way to dispose of property.  The county attorney's office told him to apply to a state court judge for a disposal of property order.  Weidman went to the state court and provided it with a list of the property seized from Koch's home under the original warrant.  A state court judge then issued an order for the disposal of property, leaving to agent discretion which means of disposal was appropriate for particular evidence. It was only after the order was obtained from the state court that agent Weidman and those assisting him reviewed any of the evidence they were considering for disposal or for training use.  When they came to the flash drive, they believed it was necessary

to view its contents to make sure that it did not contain gambling information and could therefore be returned to Koch.[4]

We conclude that Weidman and the other agents were acting in good faith when they opened the flash drive and unexpectedly discovered child pornography. Before looking into any equipment they had not simply relied on the original warrant, but sought legal advice from the county attorney's office which they then followed by applying for a court order. It was while they were in the process of following the court's directions about disposal of the property seized under that warrant and checking for any gambling material on the flash drive that they came across the pornographic pictures involving young girls. They did not prolong the viewing but closed the drive within just a few minutes.

Whether or not the state court should have done more in response to agent Weidman's request for a disposal order, instructed him to obtain a new warrant, or tailored the order more specifically is immaterial in terms of the exclusionary rule. That was illustrated in Leon. There, a magistrate judge was found to have erred in finding probable cause for a warrant which police officers used to conduct a search. The Supreme Court concluded that the Fourth Amendment exclusionary rule should not be applied under those circumstances, for the rule is "designed to deter police misconduct rather than to punish the errors of judges and magistrates." Leon, 468 U.S. at 916. Since the officers had acted in good faith, the evidence should not have been suppressed. Id. at 917–18.

Koch's case is very similar to Leon because here the DCI agents acted in good faith by seeking advice from the county attorney's office and relying on a state court order before viewing any portion of the flash drive. When they unexpectedly

---

[4] An individual is not entitled to the return of lawfully seized property if that property is contraband. See Jackson v. United States, 526 F.3d 394, 397 (8th Cir. 2008) (citing Fed. R. Crim. P. 41(g)); Iowa Code § 809.5.

discovered child pornography, they obtained a new search warrant. Only then did they look at the computer and examine the bulk of the flash drive. The alleged Fourth Amendment violation here was not the result of police misconduct or the "deliberate, reckless, or grossly negligent conduct" which the exclusionary rule is intended to deter. Herring, 129 S. Ct. at 702. We conclude that the district court did not err by denying the motion to suppress.

## III.

Koch also challenges the sufficiency of the evidence supporting his conviction. We review a challenge to the sufficiency of the evidence de novo, "viewing evidence in the light most favorable to the government, resolving conflicts in the government's favor, and accepting all reasonable inferences that support the verdict." United States v. Scofield, 433 F.3d 580, 584–85 (8th Cir. 2006). When assessing the sufficiency of the evidence following a court trial, we apply the same standard as when reviewing a jury verdict and will reverse only "if no reasonable [factfinder] could have found [the defendant] guilty beyond a reasonable doubt." United States v. Gray, 369 F.3d 1024, 1028 (8th Cir. 2004). In order to convict Koch of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B), the government was required to prove that Koch knowingly possessed an item of child pornography which was transported or produced using materials transported in interstate commerce.

Koch first contends that the evidence was insufficient to show that he "knowingly" possessed child pornography. The government presented evidence at trial that well over 100 separate images of child pornography were found on the computer and flash drive seized from a bedroom in the home he owned and occupied alone. The user names on both the computer and flash drive were variations on Koch's first name, and the pornographic images on each were located in folders which had to have been manually created by a user of the flash drive and the computer. In addition to the images of child pornography, the computer and flash drive also

contained documents authored by Koch and digital photographs of him created within days of when numerous images of child pornography were saved, moved, or deleted on both devices.

Koch argues that while this evidence may show that he used both the computer and flash drive, it does not give rise to a reasonable inference that he knew the child pornography images existed. Citing United States v. Kain, 589 F.3d 945, 950 (8th Cir. 2009) and United States v. Stulock, 308 F.3d 922, 925 (8th Cir. 2002), he asserts that even proof of exclusive possession of a computer containing child pornography is not sufficient to prove he knowingly possessed the illegal images. Koch's reliance on Kain and Stulock is misplaced. The passages Koch relies on in those cases refer to the presence of child pornography in internet browser cache files on a defendant's computer, images which were automatically stored as a result of internet browsing. In contrast, the images here were found on Koch's computer and flash drive in files that a user had to create manually. There was also additional evidence that a number of the images had been moved and others deleted. We conclude that the evidence presented at trial was sufficient to support the finding that Koch knowingly possessed the images of child pornography.[5]

Koch also argues that the government failed to provide sufficient evidence that the pornographic images on the computer and flash drive involved actual minors. We have previously upheld convictions under the same statute where, as here, the images themselves were the only evidence presented by the government on the issue but were found sufficient. See United States v. Vig, 167 F.3d 443, 449–50 (8th Cir. 1999).

---

[5] We are similarly unpersuaded by Koch's argument that he is entitled to a new trial because the district court included some erroneous factual findings in its original order. After the errors were brought to the court's attention, it issued an amended order correcting them and expressly stating that it had given further consideration to the evidence and found it established that Koch had knowingly possessed child pornography.

Finally, Koch challenges the sufficiency of the evidence on the jurisdictional element of his conviction, the nexus with interstate commerce. To convict Koch under § 2252(a)(4)(B), the government was required to establish that the child pornography he possessed had been transported in interstate commerce or produced using such materials. Koch urges the court to follow United States v. Schaefer, 501 F.3d 1197 (10th Cir. 2007), and require the government to provide direct evidence that the illegal images had in fact crossed state lines by the internet. Id. at 1200–01. Not only has that ruling been rejected by every other court to consider the issue, see, e.g., United States v. Mellies, 329 Fed. Appx. 592, 605 (6th Cir. 2009) (collecting cases), but the government satisfied the interstate commerce element here by showing that the illegal images were produced using materials transported in interstate commerce. The government presented evidence that Koch's computer and flash drive were manufactured in China; such evidence is sufficient to satisfy the jurisdictional requirement of 18 U.S.C. § 2252. United States v. Mugan, 441 F.3d 622, 627–30 (8th Cir. 2006).

In sum, each of Koch's insufficiency arguments fails.

IV.

Koch next contends that the district court erred by admitting several pieces of evidence over his hearsay objections. He objects to the admission of: documents on both the computer and flash drive purportedly authored by "Jonathon Koch", the user names "Jo" and "Jonathon" on the respective devices, and the manufacturer labels on both devices marked "China". This evidence was admitted after the court concluded that none was being introduced for the truth of the matter asserted. We review a district court's evidentiary rulings for abuse of discretion. United States v. McPike, 512 F.3d 1052, 1055 (8th Cir. 2008).

Koch asserts that the documents authored by "Jonathon Koch" found on both the computer and flash drive, as well as the user names "Jo" and "Jonathon", were in fact introduced for the truth of the matter asserted to prove that he was the author of the documents and the user of both devices. The district court disagreed, concluding that the documents and user names were introduced as circumstantial evidence associating Koch with the computer and flash drive. The court's ruling is consistent with our prior cases. See United States v. Bradford, 246 F.3d 1107, 1117–18 (8th Cir. 2001) (address book entries not hearsay when admitted as circumstantial evidence of relationship between defendants); United States v. Franks, 939 F.2d 600, 601–02 (8th Cir. 1991) (defendant's signature on airmail package admissible to show his connection to the delivery address). The court did not abuse its discretion in admitting the documents and user names.

Nor did the court abuse its discretion in admitting testimony by agent Morris that Koch's computer and flash drive were each labeled as having been manufactured in China. While the better practice may be to prove the place of manufacture through a business record, we have previously rejected the claim that a manufacturer's inscription on a product is inadmissible hearsay. See United States v. Bowling, 32 F.3d 326, 328 (8th Cir. 1994) (manufacturer name on firearm admissible to prove interstate commerce element); see also Fed. R. Evid. 801(a)–(c), 901. Koch has not shown that the court abused its discretion in its evidentiary rulings.

V.

Finally, Koch challenges the district court's imposition of three sentencing enhancements, the substantive reasonableness of his sentence, and the special conditions imposed on his supervised release. We review de novo whether the district court correctly interpreted and applied the sentencing guidelines, while the court's factual findings are reviewed for clear error. United States v. Mashek, 406 F.3d 1012, 1016–17 (8th Cir. 2005).

Koch first argues that the § 2G2.2(b)(7) enhancement, for possession of more than 10 but less than 150 images of child pornography, was improper. He appears to argue that the court was required to find that he had viewed specific images in order to count them. There is no such requirement under § 2G2.2(b)(7). The district court did not err by applying the enhancement based on the evidence that there were well over 100 separate images on Koch's computer and flash drive.

Similarly, the court did not err by applying the § 2G2.2(b)(4) enhancement for possession of images that represented sadistic or masochistic conduct. The court found that the materials possessed by Koch included images of sexual penetration of a minor by an adult. We have previously concluded that such images are per se sadistic. United States v. Johnson, 450 F.3d 831, 834 (8th Cir. 2006).

Koch also disputes the § 2G2.2(b)(6) enhancement for an offense involving the use of a computer. He argues that there was no evidence that he had used his computer to distribute child pornography. Under the plain language of § 2G2.2(b)(6) there is no requirement that Koch have distributed the illegal images in his possession. The enhancement requires only that the offense involved "the use of a computer . . . for the possession" of the illegal material. U.S.S.G. § 2G2.2(b)(6). The district court did not err by imposing this enhancement.

Koch also challenges the substantive reasonableness of his sentence which we review for abuse of discretion. Gall v. United States, 552 U.S. 38, 51 (2007). Because Koch's 78 month sentence was within his advisory guideline range (in fact at the bottom), it is presumptively reasonable. Rita v. United States, 551 U.S. 338, 346 (2007). Koch argues that the court gave too much weight to the guidelines. We have previously rejected this argument. See United States v. O'Connor, 567 F.3d 395, 398 (8th Cir. 2009). The record reflects that the district court committed no procedural error, considered the § 3553(a) sentencing factors, and imposed a substantively reasonable sentence at the bottom of Koch's guideline range.

Lastly, Koch challenges three conditions the district court imposed on his term of supervised release. The court ordered that without prior permission from a probation officer Koch cannot use or possess a computer or access the internet, possess any type of camera, or have any contact with any child under the age of 18. We review a district court's "imposition of the terms and conditions of supervised release for an abuse of discretion", recognizing that the court has wide discretion in formulating such conditions. United States v. Jorge-Salgado, 520 F.3d 840, 842 (8th Cir. 2008). That discretion is limited, however, by "the requirement that the conditions be reasonably related to § 3553(a) factors, involve no greater deprivation of liberty than is reasonably necessary, and are consistent with any pertinent policy statements issued by the United States Sentencing Commission." United States v. Stults, 575 F.3d 834, 850 (8th Cir. 2009); see also 18 U.S.C. § 3583(d).

Koch argues that the court abused its discretion by imposing the restrictions on his possession of cameras or contact with minors without prior approval from a probation officer. He states that there was no evidence that his offense involved the use of a camera or contact with minors. Koch is not completely barred from possessing a camera or contacting minors, for he may apply to the probation office for exceptions when needed. We have previously upheld the imposition of such conditions with regard to defendants who, like Koch, were found guilty of possessing or receiving child pornography. See United States v. Ristine, 335 F.3d 692, 696 (8th Cir. 2003) (upholding as reasonable restriction on use of cameras where evidence showed defendant possessed a large number of images of underage girls); United States v. Mark, 425 F.3d 505, 507–08 (8th Cir. 2005) (upholding restriction on interaction with minors where defendant was convicted of possessing child pornography). The district court did not abuse its discretion in doing the same here.

Koch also challenges the condition of release restricting his computer use and internet access, arguing that the restriction is unreasonable since there was no evidence his offense involved the use of the internet and the restriction concerns an

-14-

important medium for conducting his day to day legitimate affairs. In <u>Ristine</u>, we identified two relevant considerations in respect to the propriety of a restriction on computer and internet use. We look to whether there was evidence "the defendant did more than merely possess child pornography" and whether the restriction amounts to a total ban on internet and computer use. <u>Ristine</u>, 335 F.3d at 696.

This is not a case in which the defendant "merely possess[ed] child pornography." <u>See</u> <u>Ristine</u>, 335 F.3d at 696. The record here indicates that Koch is a sophisticated computer user who has already violated a less restrictive condition of release. While on release prior to sentencing, the district court restricted Koch's use of computers and the internet to college courses. Subsequently, in November 2009 a probation officer made an unannounced visit to Koch's home. When the officer approached a bedroom in the house, he heard what sounded like male voices originating from a computer and discussing intercourse with a boy. When the officer entered the room, Koch turned off the audio on the computer and clicked through a number of pull down menus. Koch was asked to return to the previous screen but responded that the web history had been cleared. Although the officer obtained a court order the next day to seize Koch's computers, the hard drives had been removed from the computers before they could be seized. Koch thus did more than merely possess child pornography. <u>See</u> <u>id.</u> The district court appropriately considered this information when it imposed the condition of supervised release.

The second <u>Ristine</u> factor also favors upholding the condition of release on Koch's computer and internet use because the restriction is not a complete ban. <u>See</u> <u>United States v. Fields</u>, 324 F.3d 1025, 1027 (8th Cir. 2003). Koch is permitted to use a computer and the internet with prior approval from a probation officer who will have the guidance of our case law, which recognizes the importance of computers and internet access for education, employment, and communication, when considering Koch's requests. <u>See,e.g.</u>, <u>United States v. Crume</u>, 422 F.3d 728, 733 (8th Cir. 2005).

Given the particular facts of this case, we cannot say that the district court abused its discretion by imposing its restriction on Koch's computer use and internet access.

We conclude that the district court did not abuse its discretion in imposing a reasonable sentence or commit any procedural errors.

## VI.

Based on this record and for the reasons already discussed, we affirm the judgment of the district court.

_____