# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1890

_____

United States of America,          *
                                   *
          Plaintiff - Appellee,    *
                                   *   Appeal from the United States
      v.                          *   District Court for the
                                   *   District of South Dakota.
Terry Boll,                   *
                                   *
          Defendant - Appellant.   *

_____

Submitted: December 16, 2010
Filed: March 21, 2011

_____

Before LOKEN and BYE, Circuit Judges, and MARSHALL,[*] District Judge.

_____

MARSHALL, District Judge.

Terry Boll lived in a house of many people and many computers—seven residents had easy access to ten computers. The Department of Homeland Security is responsible for investigating child pornography in the District of South Dakota. After state investigators detected illegal downloads, the Department got a warrant and raided the house. Seven officers in tactical gear entered while several Sioux Falls police officers secured the perimeter.

_____

[*]The Honorable D.P. Marshall Jr., United States District Judge for the Eastern District of Arkansas, sitting by designation.

Later scrutiny of the seized computers revealed child pornography on three of them. Two of these belonged to Boll. Several illegal videos were on Boll's desktop; one video was also on his laptop. At trial, Boll's lawyer pointed to Boll's house-mates as the wrongdoers. They all had access, Boll pressed, and the file-sharing software could continue downloading between different users. The jury disagreed, convicting Boll of possessing one of the videos, Exhibit Five, on his desktop computer. 18 U.S.C. § 2252A(a)(5)(B) (2006). The jury did not find that he possessed either the same video on his laptop or the other videos on his desktop.

Boll appeals the District Court's[**] judgment on the verdict. He argues that the record contains insufficient evidence that he possessed child pornography. We disagree. Viewing the evidence in the light most favorable to the verdict, the jury could have reasonably concluded that Boll knowingly possessed Exhibit Five. *United States v. Koch*, 625 F.3d 470, 478 (8th Cir. 2010).

The record established a particular link between Boll and Exhibit 5. Unlike the other videos, Exhibit Five was downloaded completely and moved to a folder called "new folder"—which was visible whenever the desktop computer was turned on. Two residents testified that the desktop belonged to Boll. It was registered to "Terry" and sat in Boll's bedroom. Finally, the jury heard about a later exchange between Boll and one of the investigating officers.

| Agent Scherer: | I asked him if he had an explanation about why there was  child pornography on his computer. |
| --- | --- |
| Government: | How did he respond? |

---

[**]The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota.

Scherer:                          He replied I guess you caught me.

Government:                       How did you respond to that?

Scherer:                          I asked him further questions about how the child pornography got on there, and he stated, well, they are my computers, aren't they.

Trial Tr. at 24–25. These admissions, which the jury was entitled to believe, confirmed Boll's ownership of the computers and the pornography. Boll does not contest that Exhibit 5 involved minors and was transported in interstate commerce. *Koch*, 625 F.3d at 478–79.

Notwithstanding the fact that many people had access to Boll's desktop computer, and the fact that the jury did not find he possessed the other videos, the record supports "an inference of [Boll's] guilt [as to Exhibit 5], reasonably drawn from the facts." *United States v. Hernandez*, 301 F.3d 886, 890 (8th Cir. 2002). The question is whether substantial evidence supports Boll's conviction for possessing Exhibit 5. It does.

Affirmed.

_____