# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 14-40845
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

April 30, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff – Appellee

v.

DAVID SAGUIL,

Defendant - Appellant

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:13-CR-55-1

_____

Before JOLLY, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:[*]

David Saguil was convicted of two counts of production of child pornography, in violation of 18 U.S.C. § 2251(a) and (e). At trial, the Government offered in evidence a Sony video camera seized during a search of Saguil's residence. On a label affixed to the bottom of the camera was an inscription: "Made in Japan". Saguil objected to the introduction of the inscription, claiming it was hearsay. The district court overruled Saguil's

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

objection, ruling the inscription was admissible under Federal Rule of Evidence 807, the residual exception to the hearsay rule, to prove the video camera traveled in, or affected, interstate or foreign commerce. *See* 18 U.S.C. § 2251(a).

For his only issue on appeal, Saguil claims the court abused its discretion by admitting the inscription in evidence. Evidentiary rulings are reviewed for abuse of discretion. *E.g., United States v. Boyd*, 773 F.3d 637, 643 (5th Cir. 2014), *petition for cert. filed*, (31 Mar. 2015) (No. 14-9121). In applying the residual exception to the hearsay rule, district courts have "considerable discretion", and this court "will not disturb the . . . application of the exception absent a definite and firm conviction that the court made a clear error of judgment" in weighing the relevant factors, discussed *infra. United States v. Loalzo-Vasquez*, 735 F.2d 153, 157 (5th Cir. 1984) (citation and internal quotation marks omitted).

Under Rule 807, hearsay statements are admissible if they have circumstantial guarantees of trustworthiness similar to the other hearsay exceptions and the district court determines the statements are material, probative, and in the interests of justice. Fed. R. Evid. 807; *see also United States v. El-Mezain*, 664 F.3d 467, 497 (5th Cir. 2011). Although Rule 807 contemplates the consideration of multiple factors, the "lodestar of the residual hearsay exception analysis" is on the "equivalent circumstantial guarantees of trustworthiness" requirement. *El-Mezain*, 664 F.3d at 498 (citation and internal quotation marks omitted); *see also United States v. Walker*, 410 F.3d 754, 758 (5th Cir. 2005). "The determination of trustworthiness is drawn from the totality of the circumstances surrounding the making of the statement", but "cannot stem from other corroborating evidence". *El-Mezain*, 664 F.3d at 498 (citation and internal quotation marks omitted). The evidence "must be at

least as reliable as evidence admitted under a firmly rooted hearsay exception" and "must similarly be so trustworthy that adversarial testing would add little to its reliability". *Id.* (citation and internal quotation marks omitted).

Three circuits have rejected the claim that a manufacturer's inscription on a product is inadmissible hearsay. *E.g., United States v. Koch*, 625 F.3d 470, 480 (8th Cir. 2010); *United States v. Alvarez*, 972 F.2d 1000, 1004 (9th Cir. 1992), *overruled on other grounds by Kawashima v. Mukasey*, 530 F.3d 1111, 1116 (9th Cir. 2008) ("An inscription placed on a firearm by the manufacturer is . . . a mechanical trace and not a statement for purposes of [Rule 801(c) (definition of hearsay)]".); *United States v. Thody*, 978 F.2d 625, 630-31 (10th Cir. 1992) (manufacturer's imprint in the gun is not hearsay). Another circuit, in a case similar to the one at hand, "accept[ed] for purposes of analysis" that inscriptions describing the country of origin are hearsay, and thus admissible only if an exception to the hearsay rule applies. *United States v. Burdulis*, 753 F.3d 255, 263 (1st Cir. 2014), *cert. denied*, 135 S. Ct. 467 (2014). Whether the manufacturer's inscription is a hearsay statement or merely circumstantial physical evidence need not be decided, because, under either theory, the court did not abuse its discretion.

Assuming, as the district court did, that the inscription is a hearsay statement, the inscription satisfies the residual exception. It has "equivalent guarantees of trustworthiness" as the guarantees of Federal Rules of Evidence 803 and 804 because such inscriptions are required by law, 19 U.S.C. § 1304(a), and false designations of origin give rise to civil liability, 15 U.S.C. § 1125. Therefore, the inscription bears significant similarity to other forms of evidence admissible under the enumerated hearsay exceptions. *E.g.*, *United States v. Towns*, 718 F.3d 404, 408 (5th Cir. 2013) ("[F]irearm records that gun shops were forced to maintain by law were business records [because] a

company could lose corporate privileges for failing to maintain them properly".).    In addition, under Federal Rule of Evidence 902(7), "[a]n inscription, sign, tag, or label purporting to have been affixed in the course of business and indicating origin" is self-authenticating.    Thus, the manufacturer's inscription statement ("Made in Japan") is self-authenticating and requires no extrinsic evidence of authenticity to be admitted.

The remaining factors likewise favor admission of the manufacturer's inscription.  It was offered as evidence of a material fact:  to prove an element of the offense.  *See* 18 U.S.C. § 2251(a).  The inscription was also more probative on the issue of whether the video camera traveled in interstate or foreign commerce than any other evidence that could have been obtained through reasonable efforts.  *E.g., Loalza-Vasquez*, 735 F.2d at 158.  Last, the admission of the inscription served the purposes of the Rules of Evidence and the interests of justice.  *See* Fed. R. Evid. 102 (construe Federal Rules of Evidence to eliminate unjustifiable expense and delay); *see also Dartez v. Fibreboard Corp.*, 765 F.2d 456, 462 (5th Cir. 1985) (noting Congress provided the exception "to protect the integrity of the specifically enumerated exceptions by providing the courts with the flexibility necessary to address unanticipated situations and to facilitate the basic purpose of the Rules: ascertainment of the truth and fair adjudication of controversies").

In the alternative, and as noted *supra*, even if the inscription were circumstantial physical evidence and not subject to the hearsay rule, the manufacturer's inscription would be sufficient to show the requisite nexus with interstate commerce.  Considering the evidence adduced at trial, combined with the inscription on the video camera and the self-authenticating nature of the evidence, a reasonable factfinder could have found Saguil produced the

pornographic images using materials that traveled in interstate or foreign commerce. *E.g., United States v. Pierson*, 139 F.3d 501, 504 (5th Cir. 1998).

AFFIRMED.