UNITED STATES of America, Plaintiff,

v.

**Demian PINA, Defendant.**

**Case No. 3:14-cr-023**

United States District Court, S.D. Ohio, Western Division, at Dayton.

Signed June 3, 2016.

Christy L. Muncy, United States Attorney's Office, Cincinnati, OH, for Plaintiff.

## Entry and Order Memorializing Hearsay Ruling and Overruling Objection

THOMAS M. ROSE, UNITED STATES DISTRICT JUDGE

This Court wishes to memorialize its ruling on a hearsay objection registered by Defense counsel. At trial, the Government solicited testimony from a witness concerning the country-of-origin label on a computer alleged to have been used in a viola-

tion of 18 U.S.C. § 2252. At trial, the computer is Government Exhibit 7.1. Defense counsel objected, asserting the answer would constitute hearsay, in that its only relevance would be to prove the country of origin, which would be relevant to proving the necessary nexus to interstate commerce.

The Government asserted to the Court that the testimony was admissible, indeed that the Sixth Circuit had so held in the recent decision of *United States v. Napier*, 787 F.3d 333 (6th Cir.2015). The Court has now had opportunity to review *Napier*. *Napier* made no such holding.

In *Napier*, the Defendant objected to the reading of the labels based upon hearsay, but appealed a different question, namely whether this question and answer violated his Confrontation Clause rights. This made the relevant portion of *Napier* a plain error review of a Confrontation Clause question:

> The district court presumed the government was not offering the manufacturer labels on these devices as proof of travel in interstate commerce. The government's reference to the phones' country of manufacture during closing, however, would seem to call into question the district court's presumption. At trial, Napier framed admission of this evidence as a violation of the rule against hearsay. Napier's hearsay objection was itself a restatement of his general argument that the government had failed to establish the federal jurisdictional requirement. On appeal, Napier attempts to reframe this issue as a violation of the Confrontation Clause. We find Napier's hearsay objection insufficient to preserve the constitutional claim he is now asserting, and therefore apply plain error review.

*United States v. Napier*, 787 F.3d 333, 348 (6th Cir.2015). Thus, *Napier* stands for the proposition that allowing a witness to read a country-of-origin label is not a plain error violation of the Confrontation Clause.

In the instant case, the Court instructed the parties that they may not utilize a statement on the Compaq computer, Government Exhibit 7.1, one of three computers seized on June 4, 2013, that it was "Made in China." Subsequent to the Court's instruction, the Government presented further argument, directing the Court to three cases: *United States v. Thody*, 978 F.2d 625, 631 (10th Cir.1992); *United States v. Alvarez*, 972 F.2d 1000 (9th Cir.1992); and *United States v. Koch*, 625 F.3d 470 (8th Cir.2010).

In *Thody*, the Defendant failed to object to a Government witness reading on a gun that the weapon was, "Made in Spain." The Tenth Circuit engaged in comparatively detailed analysis of the plain error standard under which an unpreserved error would be analyzed, before concluding that the issue before it did not clear that hurdle. The authoring judge then cursorily declared "Furthermore, the manufacturer's imprint in the gun is not hearsay. It is technically not an assertion by a declarant as contemplated by the Rule." *Thody*, 978 F.2d 625. *Thody* does not explain why "Made in China" is "not an assertion by a declarant as contemplated by the Rule." Indeed, the commentary to the Rule is clear, "It can scarcely be doubted that an assertion made in words is intended by the declarant to be an assertion." Fed. R. Evid. 801 (commentary to 1972 Proposed Rules Note to Subdivision (a)).

*Alvarez* adopts the "mechanical trace" theory. The phrase "mechanical trace" "comes from Wigmore's treatise on evidence where it was used to refer to evidentiary facts used to show that at some previous time a certain act was or was not

done, such as stains, brands on animals or timber, tags, signs, license plates, footprints, and documents." *United States v. Scott*, 2014 WL 2808802, *3 (E.D.Va.2014) (citing 1 *Wigmore* §§ 148–157 (3rd ed. 1940)). Cases under Wigmore's theory include instances in which the uniform of the driver of a vehicle was admissible to prove the identity of his employer, or the name on a wagon or truck to prove ownership of the vehicle, the name on a dog collar to prove ownership of dog, the wearing of a uniform to prove employment by the persons whose name appears on the uniform, and lettering on a locomotive to prove its ownership. *United States v. Snow*, 517 F.2d 441, 444 (9th Cir.1975).

The term was adopted and extended by the Ninth Circuit in *United States v. Snow*, a case where a red piece of tape with the defendant's name, attached to a briefcase in which a gun was found, was admitted into evidence as circumstantial evidence—not as a statement subject to the hearsay rules. 517 F.2d 441, 443–44 (9th Cir.1975). Still, the theory was limited to proving ownership.

Now there is a growing circuit split as to whether the theory may be used to show origin of goods, driven by the extension of federal criminal law into areas previously governed by the states:

> Three circuits have rejected the claim that a manufacturer's inscription on a product is inadmissible hearsay. E.g., *United States v. Koch*, 625 F.3d 470,

480 (8th Cir.2010); *United States v. Alvarez*, 972 F.2d 1000, 1004 (9th Cir. 1992), overruled on other grounds by 947 *Kawashima v. Mukasey*, 530 F.3d 1111, 1116 (9th Cir.2008) ("An inscription placed on a firearm by the manufacturer is ... a mechanical trace and not a statement for purposes of [Rule 801(c) (definition of hearsay)]".); *United States v. Thody*, 978 F.2d 625, 630–31 (10th Cir.1992) (manufacturer's imprint in the gun is not hearsay). Another circuit, in a case similar to the one at hand, "accept[ed] for purposes of analysis" that inscriptions describing the country of origin are hearsay, and thus admissible only if an exception to the hearsay rule applies. *United States v. Burdulis*, 753 F.3d 255, 263 (1st Cir.2014), cert. denied, —— U.S. ——, 135 S.Ct. 467, 190 L.Ed.2d 350 (2014).

*United States v. Saguil*, 600 Fed.Appx. 945, 946–47 (5th Cir.2015).

The labels at issue are not mechanical traces. They are out-of-court statements likely made by the manufacturer, affixed to assert what the Government now wishes to assert, "these were 'Made in China.'" They are both hearsay and circumstantial.[1] It is not direct evidence. It is entirely possible that the computers were made somewhere besides China, and that the labels were affixed to avoid tariffs or embargos or that they were manufactured in a place with a reputation for manufacturing quality lower than China's.

---

1. See *Black's* (Circumstantial Evidence 1. Evidence based on inference and not on personal knowledge or observation.—Also termed indirect evidence; oblique evidence. Cf. direct evidence (1). ....2. All evidence that is not given by eyewitness testimony.) *Koch* also admitted the evidence as circumstantial, "the documents and user names were introduced as circumstantial evidence associating Koch with the computer and flash drive." *United States v. Koch*, 625 F.3d 470, 480 (8th Cir.

2010). This confuses the issues of hearsay and circumstantial evidence. Circumstantial evidence is a construct created for evaluating challenges to relevancy. See 7 *McCormick on Evidence*, § 185. While, "Circumstantial evidence...may be testimonial," *id.* what *Koch* did was to admit the evidence for other than the truth of the matter asserted. Neither that case nor this case involves a challenge based on relevancy.

·A mechanical trace in a case such as this would be akin to markings in Chinese to align point "A" on one panel with point "A" on another panel. These would be trace markings from which one could infer that the product was assembled in China, that it had travelled in interstate commerce.

*Koch,* was another case reviewing the evidentiary question for abuse of discretion. *Koch* found that the district court did not abuse its discretion in admitting the origin label to show origin, relying upon *United States v. Bowling,* 32 F.3d 326, 328 (8th Cir.1994). *Bowling,* it should be noted, cleaved closer to the classic formulation of hearsay, in that the gun at issue only had the name of the manufacturer on it: New England Firearms. A government expert testified that no New England Firearms were manufactured in the state of Arkansas. Still, *Koch* counseled, "the better practice may be to prove the place of manufacture through a business record...." 625 F.3d at 480. This Court agrees.

The Government finished its presentation with an appeal to the Residual Exception to the Hearsay Rule stated in Federal Rule of Evidence 807:

(a) In General. Under the following circumstances, a hearsay statement is not excluded by the rule against hearsay even if the statement is not specifically covered by a hearsay exception in Rule 803 or 804:

(1) the statement has equivalent circumstantial guarantees of trustworthiness;

(2) it is offered as evidence of a material fact;

(3) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and

(4) admitting it will best serve the purposes of these rules and the interests of justice.

(b) Notice. The statement is admissible only if, before the trial or hearing, the proponent gives an adverse party reasonable notice of the intent to offer the statement and its particulars, including the declarant's name and address, so that the party has a fair opportunity to meet it.

Fed. R. Evid. 807. The Defendant made no response to the Government's residual exception argument.

The Residual Exception would be the best vehicle for finding admissibility of the place-of-origin label for showing the truth of the matter it asserts:

Assuming, as the district court did, that the inscription is a hearsay statement, the inscription satisfies the residual exception. It has "equivalent guarantees of trustworthiness" as the guarantees of Federal Rules of Evidence 803 and 804 because such inscriptions are required by law, 19 U.S.C. § 1304(a), and false designations of origin give rise to civil liability, 15 U.S.C. § 1125. Therefore, the inscription bears significant similarity to other forms of evidence admissible under the enumerated hearsay exceptions. E.g., *United States v. Towns,* 718 F.3d 404, 408 (5th Cir.2013) ("[F]irearm records that gun shops were forced to maintain by law were business records [because] a company could lose corporate privileges for failing to maintain them properly".). In addition, under Federal Rule of Evidence 902(7), "[a]n inscription, sign, tag, or label purporting to have been affixed in the course of business and indicating origin" is self-authenticating. Thus, the manufacturer's inscription statement ("Made in Japan") is

self-authenticating and requires no extrinsic evidence of authenticity to be admitted.

*United States v. Saguil*, 600 Fed.Appx. 945, 947 (5th Cir.2015)

The *Saguil* panel further reasoned that the factors for utilization of the Residual Exception also favor admission of the manufacturer's inscription. As in the instant case, it was offered as evidence of a material fact: to prove an element of the offense. *Id.* One might quibble over whether the inscription was also more probative on the issue of whether the item traveled in interstate or foreign commerce than any other evidence that could have been obtained through reasonable efforts, but this is at worst a close call. Last, the admission of the inscription serves the purposes of the Rules of Evidence and the interests of justice. *Id.* (citing Fed. R. Evid. 102 (construe Federal Rules of Evidence to eliminate unjustifiable expense and delay); and *Dartez v. Fibreboard Corp.*, 765 F.2d 456, 462 (5th Cir.1985) (noting Congress provided the exception "to protect the integrity of the specifically enumerated exceptions by providing the courts with the flexibility necessary to address unanticipated situations and to facilitate the basic purpose of the Rules: ascertainment of the truth and fair adjudication of controversies"). See also *United States v. Burdulis*, 753 F.3d 255, 264 (1st Cir. 2014) (noting that the government's notice should inform defendant that the drive bore the name and mark of a particular company and an address for the company).

The Court will allow admission of the country of origin label for the purposes of proving the country of origin of Government Exhibit 7.1 under the Residual Exception of Federal Rule of Evidence 807. The Parties may make reference to the label for proving the truth of the matter it asserts.

**DONE** and **ORDERED** in Dayton, Ohio on Friday, June 3, 2016.