KELLY, Circuit Judge, dissenting.
 

 One of our primary roles in sentencing appeals is to correct procedural errors. And "meaningful appellate review" is possible only if the district court "adequately explain[s] the chosen sentence."
 

 Gall v. United States
 
 ,
 
 552 U.S. 38
 
 , 50,
 
 128 S.Ct. 586
 
 ,
 
 169 L.Ed.2d 445
 
 (2007). Here, the district court did not provide any explanation for why it chose to impose a lifetime term of supervised release or any of its seventeen special conditions. Rather than speculate from the district court's silence, I would vacate this portion of Carson's sentence and remand to allow the district court to provide that explanation.
 

 A few particular aspects of the court's opinion give me pause. The first is its conclusion that the district court's evaluation of the § 3553(a) factors in determining the length of Carson's imprisonment also satisfied its obligations under § 3583(c). Section 3583(c) directs district courts to consider some, but not all, of the § 3553(a) factors when "determining the length of the term and the conditions of supervised release." Under certain circumstances, it may be appropriate for a district court to simply refer back to its previous analysis when explaining its decision to impose a particular supervised release term. But here, the district court's explanation for the incarceration portion of its sentence does not explain its chosen term of supervised release. For the prison term, the court varied downward from the bottom of the Guidelines range by ten years, largely based on Carson's mitigating factors, including that he was a first-time offender and had accepted responsibility for his offenses. The court's explanation for its substantial downward variance does not readily explain its decision to impose the maximum possible term of supervised release. This is simply not a case where "[o]ne overarching explanation" adequately explains both aspects of the sentence.
 
 Moose
 
 ,
 
 893 F.3d at 960
 
 .
 
 [4]
 

 The court also excuses the district court's plain error in failing to make any of the individualized findings necessary to justify its special conditions of supervised release. "When crafting a special condition of supervised release, the district court must make an individualized inquiry into the facts and circumstances underlying a case and make sufficient findings on the record so as to ensure that the special condition satisfies the statutory requirements."
 
 Wiedower
 
 ,
 
 634 F.3d at 493
 
 (cleaned up). Such findings are necessary to ensure that the conditions imposed are "reasonably related to § 3553(a) factors, involve no greater deprivation of liberty than is reasonably necessary, and are consistent with any pertinent policy statements issued by the United States Sentencing Commission."
 
 Goettsch
 
 ,
 
 812 F.3d at 1171
 
 (quoting
 
 United States v. Koch
 
 ,
 
 625 F.3d 470
 
 , 481 (8th Cir. 2010) ). The court reasons that the need for each of the three challenged special conditions is sufficiently evident from the record. I disagree.
 

 Special Condition 14, for example, broadly prohibits Carson from possessing or using "any computer or electronic device with access to any 'on-line computer service' without the prior approval of the Probation Office."
 
 [5]
 
 While we have previously upheld internet restrictions for offenders who distributed child pornography, we have been careful to tailor the restrictions to the offender's particular circumstances.
 
 See, e.g.
 
 ,
 
 United States v. Stults
 
 ,
 
 575 F.3d 834
 
 , 856 (8th Cir. 2009). Read literally, Carson could violate Special Condition 14 by accessing any number of internet-connected household devices, from thermostats to doorbells. I trust that the U.S. Probation Office will judiciously exercise its discretion in enforcing this prohibition. But the sheer breadth of discretion afforded to the Probation Office only underscores the need for the district court to conduct a careful, individualized inquiry before imposing a condition that some courts have described as "lifetime cybernetic banishment."
 
 United States v. Voelker
 
 ,
 
 489 F.3d 139
 
 , 148 (3d Cir. 2007).
 

 Without any analysis by the district court, it is also hard to conclude that Special Condition 16 is justified. The court distinguishes Packingham, which invalidated a similar restriction on access to social media on First Amendment grounds, by limiting that case to post-custodial restrictions. But even if Special Condition 16 is not unconstitutional, it does not necessarily follow that the condition is justified in Carson's case. The condition specifically prohibits Carson from creating a user account on any "social networking site" that minors may access. The term "social networking site" is not defined, and in
 
 Packingham
 
 the Court acknowledged that the term "commercial social networking site" could potentially apply "not only to commonplace social media websites but also to websites as varied as Amazon.com, Washingtonpost.com, and Webmd.com."
 
 137 S. Ct. at 1736
 
 . Again, I have confidence that the Probation Office would not take such an unreasonably broad view of Special Condition 16, but the condition's plain language offers little to circumscribe its discretion.
 

 I do not minimize the seriousness of Carson's crimes. For those he will serve a twenty-year prison term followed by a lengthy term of supervised release. I also recognize the need to monitor Carson's conduct upon release. But Carson was thirty-three at the time of his arrest, and his lifetime term of supervised release could very well last decades. We can only imagine the universe of internet-reliant electronic devices that will pervade everyday life by then. The length and conditions of Carson's supervised release may well be justified, but such punishment deserves, at minimum, some reasoned explanation from the sentencing court. Accordingly, I respectfully dissent.
 

 This is also not a case where the district court merely provided a "relatively brief" explanation for its decision and "decide[d] simply to apply the Guidelines."
 
 Roberson
 
 ,
 
 517 F.3d at 994
 
 (cleaned up). The district court provided
 
 no
 
 explanation for its supervised release term and
 
 rejected
 
 the Guidelines' recommended term of imprisonment.
 

 Special Condition 15, which Carson does not challenge, separately requires that Carson consent to having hardware or software installed on his computer to permit monitoring by the Probation Office.