# United States Court of Appeals

### For the Eighth Circuit

_____

No. 13-1884

_____

United States of America

*Plaintiff - Appellee*

v.

Jason Hill

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Joplin

_____

Submitted: February 14, 2014
Filed: May 7, 2014

_____

Before RILEY, Chief Judge, LOKEN and BYE, Circuit Judges.

_____

RILEY, Chief Judge.

A jury convicted Jason Hill of knowingly receiving and distributing child pornography in violation of 18 U.S.C. § 2252(a)(2), (b)(1) (Count 1) and knowingly possessing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B), (b)(2) (Count

2). Hill appeals, arguing the district court[1] erred in denying, without a hearing, his motion to suppress evidence seized from his computer, and denying his motion to dismiss a charged count on double jeopardy grounds. Hill further argues the district court[2] erred in denying his motions for judgment of acquittal on both counts. With appellate jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.    BACKGROUND

On August 3, 2010, James Smith, a Cassville, Missouri, police officer participating in a southwest Missouri cyber crimes task force investigating Internet crimes against children, used LimeWire, an online "peer-to-peer" file-sharing program, to access Hill's computer. Officer Smith downloaded ten images of what he believed to be child pornography from Hill's shared folder on LimeWire.[3] Based on the files downloaded from Hill's computer, Officer Smith, Task Force Officer Brian Martin, and Special Agent James D. Holdman Jr. of the U.S. Department of Homeland Security (DHS) obtained a federal warrant to search Hill's residence for child pornography.

The officers executed the warrant on September 28, 2010. When Hill answered the door, the officers served the warrant and explained they were looking for evidence of child pornography. After waiving, in writing, his rights prescribed by Miranda v. Arizona, 384 U.S. 436 (1966), Hill admitted he had been downloading large amounts

---

[1]The Honorable Richard E. Dorr, late United States District Judge for the Western District of Missouri, adopting two reports and recommendations of the Honorable James C. England, United States Magistrate Judge for the Western District of Missouri.

[2]The Honorable David Gregory Kays became Chief Judge of the United States District Court for the Western District of Missouri on January 4, 2014.

[3]Installing LimeWire automatically allowed Hill to share files with any other LimeWire user in the world.

of adult pornography through LimeWire for about a year, but "initially denied ever seeing any child pornography." Hill told the officers he may have seen a "popup" for what "he thought . . . might be child pornography" the night before the search, but that "he deleted it immediately" as he always did with such "popups." Hill's story changed over time.

As the interview progressed, the officers asked Hill whether he used search terms frequently used to obtain child pornography—terms contained in the filenames Officer Smith obtained from Hill's computer. Hill admitted he may have "accidentally typed 'preteen'" as a search term in LimeWire late at night when it was dark or when he was drunk. Hill stated he deleted any child pornography he accidentally downloaded. When pressed, Hill admitted he intentionally used the search term "preteen" and viewed at least one hundred images of child pornography, one involving a child as young as five years old. Hill eventually told the officers he viewed child pornography "once or twice a month" from March 2010 to the time of the search "out of curiosity," but asserted he did not save it.

The officers seized Hill's computers, including the one on which Hill admittedly downloaded adult and child pornography. Special Agent James Kanatzar, a forensic examiner for DHS, inspected Hill's computer and found evidence that files containing child pornography had been downloaded and stored on Hill's hard drive. Agent Kanatzar found trace evidence that the files Officer Smith downloaded from Hill's computer had been on the hard drive before being deleted. Agent Kanatzar also found three videos the jury determined to be child pornography in Hill's LimeWire directory, which made the files accessible to other LimeWire users. Agent Kanatzar also found four files containing child pornography in the recycle bin on Hill's computer. Before being moved to the computer's recycle bin, the files would have been saved somewhere else on Hill's hard drive. One of the images in the recycle bin (Exhibit 40) matched one of the images Officer Smith downloaded on August 3, 2010 (Exhibit 10).

Hill was indicted on November 9, 2010, and arrested the next day. Before trial, Hill moved to suppress the evidence seized from his computer, alleging the initial contact with his computer was an unreasonable search and anything derived therefrom was tainted. The district court denied the motion. Hill then moved to dismiss either Count 1 or Count 2, arguing conviction on both counts would violate his right against double jeopardy because possession of child pornography is a lesser-included offense of receipt. The district court denied the motion, concluding there was no double jeopardy issue because the possession and receipt charges "involve[d] different files." The district court denied Hill's renewed motion to dismiss a count at trial.

Hill's three day trial began September 25, 2012. The government presented testimony from the investigating officers and the forensic examiner describing their interviews with Hill and the child pornography they found on his computer. The government also showed the still images (Exhibits 4-13, 37-40) and played a portion of each of the three videos from Hill's computer (Exhibits 41-43) for the jury.

Maintaining his innocence, Hill took the stand in his own defense. Unemployed after losing his job in the technical support division of AT&T Mobility, Hill explained he supplemented his income rebuilding and repairing broken computers with component parts. As to the seized computer containing child pornography, Hill testified he had replaced the RAM, the hard drive, the video processor, the CD drive, and the power source. Hill also testified he was a "gamer," meaning he played interactive video games with others online. Distinguishing between his familiarity with hardware and his purported ignorance of software, Hill testified he loaded LimeWire onto his computer to download music and adult pornography but, contrary to the officers' testimony, denied he knew the LimeWire files he downloaded were automatically available to other LimeWire users.

-4-

Hill's direct examination took an unexpected turn. For the first time, Hill admitted to "knowingly receiving and distributing child pornography involving the use of minors engaging in sexually explicit conduct," as charged in the indictment, and intentionally obtaining the images shown to the jury. But Hill also stated he only viewed the child pornography to protect his children[4]—Hill explained he was intentionally searching for "preteen" images because he thought an unidentified man at a party may have taken illicit pictures of his fourteen- and sixteen-year-old stepdaughters showering. Though Hill's teenage stepdaughters were not "preteen," Hill claimed he viewed many images of child pornography and then deleted them when he verified they did not include his stepdaughters. When confronted on cross examination with timing inconsistencies, Hill testified he had also looked for images of a family friend he had helped after she was exploited online. Hill stated he could not review all of the 266 suspected child pornography files he downloaded to his shared folder because he became "disgusted" and "sickened of what [he] had seen" and "could not continue." Although Hill later resumed his search, he insisted he deleted or attempted to delete all the child pornography he downloaded and viewed.

After deliberating for approximately four hours, the jury convicted Hill on both counts. In separate verdict forms, the jury found Hill (1) received all ten still images and all three videos found in his shared folder and distributed the images all as alleged in Count 1, and (2) possessed all four images found in his computer's recycle bin as alleged in Count 2. The district court denied Hill's timely motions for judgment of acquittal. The district court sentenced Hill to concurrent terms of 144 months for Count 1 and 120 months for Count 2. Hill appeals his convictions.

---

[4]Hill also admitted to downloading and viewing one of the videos (Exhibit 43) before deleting it but denied viewing the other two (Exhibits 41 and 42), the first of which involved a child victim who was known to be only ten or eleven years old when the video was produced.

## II. DISCUSSION

### A. Motion to Suppress

Hill first contends the district court erred in denying his motion to suppress without a hearing because, in Hill's view, Officer Smith violated Hill's Fourth Amendment right to be free from unreasonable searches and seizures by accessing Hill's computer using peer-to-peer software and downloading files from Hill's LimeWire shared folder. We review the district court's denial of Hill's "motion to suppress *de novo*, and the underlying factual determinations for clear error." United States v. Barker, 437 F.3d 787, 789 (8th Cir. 2006). "We review a district court's decision whether to hold an evidentiary hearing for an abuse of discretion." United States v. Yielding, 657 F.3d 688, 705 (8th Cir. 2011).

Hill's Fourth Amendment arguments completely ignore the holding of United States v. Stults, 575 F.3d 834, 843 (8th Cir. 2009). In Stults, we held a defendant has "no reasonable expectation of privacy in files . . . retrieved from his personal computer where [the defendant] admittedly installed and used LimeWire to make his files accessible to others for file sharing." Id. It did not matter that the defendant denied knowing others would be able to access his files because the defendant knew "'he had file-sharing software on his computer'" and admittedly downloaded music and pornography to his shared folder where other users, including law enforcement officers, had access. Id. (quoting United States v. Ganoe, 538 F.3d 1117, 1127 (9th Cir. 2008)).

The same is true here. Hill admittedly downloaded and actively used LimeWire—file-sharing software that made the scores of pornography files in Hill's shared folder accessible to any LimeWire user in the world, including Officer Smith. LimeWire itself was a publicly accessible program available for free download by anyone with a computer and an internet connection. Hill had no reasonable expectation of privacy in such publicly shared files and "'cannot invoke the protections of the Fourth Amendment.'" Id. (quoting Ganoe, 538 F.3d at 1127). The

-6-

district court did not abuse its discretion or otherwise err in denying Hill's motion to suppress without a hearing. See Yielding, 657 F.3d at 705 ("A district court presented with a motion to suppress need not hold an evidentiary hearing as a matter of course, and a hearing is unnecessary if the district court can determine that suppression is unwarranted as a matter of law.").

## B. Double Jeopardy

Hill next contends the district court erred in refusing to dismiss one count of the indictment on double jeopardy grounds. See United States v. Muhlenbruch, 634 F.3d 987, 1003-04 (8th Cir. 2011) (concluding possessing child pornography under 18 U.S.C. § 2252(a)(4)(B) is a lesser-included offense of receiving child pornography under 18 U.S.C. § 2252(a)(2) when "based on the 'same act or transaction'" (quoting Blockburger v. United States, 284 U.S. 299, 304 (1932))). The Double Jeopardy Clause of the Fifth Amendment protects a criminal defendant from "multiple punishments for the same criminal offense." United States v. Bennett, 44 F.3d 1364, 1368 (8th Cir. 1995). We review *de novo* the denial of a motion to dismiss one count of the indictment "on the grounds of double jeopardy." Id. To establish his double jeopardy claim, Hill must show Count 1 and Count 2 "are in law and fact the same offense." Id. This he cannot do.

With just one exception, the jury's guilty verdicts for Count 1 and Count 2 were based on different visual depictions of child pornography. On Count 1, the jury found Hill received the ten images and three videos found in Hill's LimeWire shared folder and distributed the same ten images. On Count 2, the jury found Hill possessed the four images found in Hill's recycle bin, three of which were different from the images charged in Count 1. Because the jury specifically found Hill guilty based on different facts and images for each count, the jury did not convict Hill "'of receiving [and distributing] the same images that he was also found to have possessed,' and

thus no double jeopardy violation occurred."[5]  United States v. Manning, 738 F.3d 937, 947 (8th Cir. 2014) (quoting United States v. Huether, 673 F.3d 789, 798 (8th Cir. 2012)).

### C.      Sufficiency of the Evidence

Finally, Hill asserts the district court erred in denying his motions for judgment of acquittal on both counts, arguing the evidence was insufficient to convict him.  See Fed. R. Crim. P. 29(a).  We review *de novo* the denial of Hill's motions for judgment of acquittal.  See United States v. Landsdown, 735 F.3d 805, 806 (8th Cir. 2013). "We view the evidence in the light most favorable to the government, resolving evidentiary conflicts in favor of the government, and accepting all reasonable inferences drawn from the evidence that support the jury's verdict."  United States v. Cook, 603 F.3d 434, 437 (8th Cir. 2010).  "We may reverse only if no reasonable jury could have found the defendant guilty beyond a reasonable doubt."  United States v. Washington, 318 F.3d 845, 852 (8th Cir. 2003).

### 1.      Possession

In Hill's view, the government failed to prove Hill knowingly possessed the four images found in his computer's recycle bin (Exhibits 37-40).  Hill's argument is based on his mistaken belief that the images found in his recycle bin were found in "unallocated space" on his hard drive and Hill could not access or control those files without special tools Hill did not have.  Hill's belief is belied by the record.

Agent Kanatzar testified the four images entered into evidence as Exhibits 37, 38, 39, and 40, and found by the jury to support convicting Hill of possessing child

---

[5]To the extent Hill might have argued the same image charged as Exhibit 10 in Count 1 and Exhibit 40 in Count 2 created an issue, we conclude any overlap "does not affect [Hill's] substantial rights" and is harmless given the jury's specific guilty verdicts with respect to all of the other distinct images and videos charged in Count 1 and Count 2, respectively.  Fed. R. Crim. P. 52(a).

pornography as charged in Count 2, were still in Hill's recycle bin when the officers seized Hill's computer. Unlike "unallocated space," the recycle bin is an accessible folder on the computer's hard drive "in which a user places files to be deleted."[6] United States v. Tucker, 305 F.3d 1193, 1198 n.8 (10th Cir. 2002). "Placement in the bin does not automatically delete files, however." United States v. Walser, 275 F.3d 981, 984 n.4 (10th Cir. 2001). "[R]emoval of files *from* the recycle bin generally requires manual steps to be taken by the user." United States v. Romm, 455 F.3d 990, 993 n.2 (9th Cir. 2006). In other words, a file in the recycle bin could have been either permanently deleted or restored to its original location, at Hill's discretion.

Hill may have "tried to get rid of" the child pornography he downloaded to his hard drive, but he never emptied the four files from his recycle bin and thus never relegated them to unallocated space. The images remained in his recycle bin, accessible to Hill and subject to his dominion and control without any special tools. The jury could reasonably infer Hill's "intentional attempt to delete child pornography files, such as by placing them in [his] computer's recycle bin, . . . suggest[ed] he was aware of the files and their contents." United States v. Breton, 740 F.3d 1, 17 (1st Cir. 2014). Indeed, Hill—no stranger to computers—admitted he actively sought child pornography on LimeWire using very specific search terms, intentionally downloaded images of child pornography, viewed those illegal images, and eventually deleted some of them, before searching for more images. Four of those illegal images remained in his recycle bin when officers seized his computer. A reasonable jury could convict Hill of knowingly possessing child pornography.[7]

---

[6]"Unallocated space is space on a hard drive that contains deleted data, *usually emptied from the operating system's trash or recycle bin folder*, that cannot be seen or accessed by the user without the use of forensic software. Such space is available to be written over to store new information." United States v. Flyer, 633 F.3d 911, 918 (9th Cir. 2011) (emphasis added).

[7]Because the illegal images were in Hill's recycle bin, we need not decide whether images of child pornography found in unallocated space or the browser cache

See, e.g., United States v. Worthey, 716 F.3d 1107, 1113-14 (8th Cir. 2013); United States v. Koch, 625 F.3d 470, 478-79 (8th Cir. 2010).

## 2. Receipt and Distribution

The evidence presented at trial was also more than sufficient to convict Hill of knowingly receiving and distributing child pornography.[8] At trial, Hill unequivocally confessed to "knowingly receiving and distributing child pornography" as charged in the indictment and intentionally using LimeWire to download and view the images and one of the videos for which he was convicted. Hill claimed he searched for and downloaded child pornography in an ill-conceived plan to protect his stepdaughters, not knowing the files in his LimeWire shared folder would be accessible to other users. But the jury was not obligated to accept Hill's admittedly irrational justifications and belated claims of ignorance. "[Q]uestions concerning the credibility of witnesses, where their testimony is not incredible on its face, are for the jury to decide." United States v. Samuels, 543 F.3d 1013, 1019 (8th Cir. 2008). Hill's explicit description of his own considerable computer abilities and disturbing search habits, combined with the investigating officers' detailed testimony regarding Hill's inculpatory statements, would allow a reasonable jury to dismiss Hill's dubious claims of innocence.

Even without Hill's damning witness-stand confession, the evidence of knowing receipt and distribution was overwhelming. Hill told the investigating

would support a verdict of knowingly possessing child pornography under the circumstances of this case. See United States v. McArthur, 573 F.3d 608, 614-15 (8th Cir. 2009) (determining, on the case facts, images found in unallocated space supported conviction).

[8]Hill's arguments primarily focus on distribution, but a defendant can violate 18 U.S.C. § 2252(a)(2) by "knowingly receiv[ing], *or* distribut[ing]" child pornography. (Emphasis added). Here, the jury reasonably found the evidence sufficient to find Hill guilty of violating § 2252(a)(2) both ways.

-10-

officers he intentionally searched for and downloaded at least one hundred images of child pornography from other LimeWire users' shared folders for months. On August 3, 2010, Officer Smith downloaded ten such files from Hill's public LimeWire folder. During his forensic examination, Agent Kanatzar found three more videos of child pornography in Hill's shared folder. The jury reasonably convicted Hill of knowingly receiving and distributing child pornography. See United States v. Collins, 642 F.3d 654, 656-57 (8th Cir. 2011) (recognizing use of file-sharing program and knowledge of computers supported guilty verdict).

## III. CONCLUSION

We affirm.

_____