# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CELTNIEKS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist ANTHONY T. DAVENPORT**
**United States Army, Appellant**

ARMY 20150322

Headquarters, Joint Readiness Training Center and Fort Polk
Randall Fluke, Military Judge (arraignment)
Kenneth Shahan, Military Judge (trial)
Colonel Jan E. Aldykiewicz, Staff Judge Advocate

For Appellant:  Lieutenant Colonel Jonathan F. Potter, JA; Major Christopher D. Coleman, JA; Captain Amanda R. McNeil Williams, JA (on brief); Lieutenant Colonel Christopher D. Carrier, JA; Major Andres Vazquez, Jr., JA; Captain Scott A. Martin, JA (on reply brief).

For Appellee:  Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Anne C. Hsieh, JA; Major Lionel C. Martin, JA (on brief).

19 December 2016

---------------------------------
MEMORANDUM OPINION
---------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

BURTON, Judge:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of two specifications of distributing child pornography, two specifications of possession of child pornography, and two specifications of possession of child erotica in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (2006 & Supp. V 2012; 2012) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, twenty-one months of confinement, and reduction to the grade of E-1.  The convening authority approved the sentence as adjudged.

Appellant's case is before this court for review under Article 66, UCMJ. Appellant's counsel raises two assignments of error which merit discussion but no relief.[1]

## FACTS

Appellant's internet provider (IP) address was identified as viewing child pornography. On 10 June 2013, appellant was questioned by the Criminal Investigation Command (CID). He provided a sworn statement to CID and admitted to downloading child pornography on his laptop within the last five to six months and viewing images of child pornography on his laptop. Appellant stated that he would view the images of child pornography a few times and then he would delete them. Appellant further admitted that he distributed images of child pornography six to eight months before his admissions.

Appellant's laptop and cell phone were seized on 10 June 2013. A forensic examination of these devices revealed an internet history with terms commonly used for child pornography, such as "Lolita," "pedo" and "r@ygold." The forensic exam also discovered child pornography images in the unallocated space of appellant's computer and in the "cache" of appellant's cell phone.

## LAW AND DISCUSSION

Article 66(c), UCMJ, establishes our statutory duty to review a record of trial for legal and factual sufficiency de novo. *United States v. Walters*, 58 M.J. 391, 395 (C.A.A.F. 2003). Under Article 66(c), UCMJ, we may affirm only those findings of guilty that we find correct in law and fact and determine, should be affirmed based on the entire record. *Id*. The test for legal sufficiency of the evidence is whether, viewing the evidence in a light most favorable to the government, a fact-finder could rationally have found all of the essential elements of an offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *United States v. Blocker*, 32 M.J. 281, 284-85 (C.M.A. 1991). In resolving questions of legal sufficiency, this court is "bound to draw every reasonable inference from the record in favor of the prosecution." *United States v. Craion*, 64 M.J. 531, 534 (citations omitted). In weighing factual sufficiency, we take "a fresh, impartial look at the evidence," applying "neither a presumption of innocence nor a presumption of guilt." *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). "[A]fter weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, [we must be] convinced of the [appellant's] guilt beyond a reasonable doubt." *United States v. Turner*, 25 M.J. 324, 325 (C.M.A. 1987).

---

[1] Though appellant's brief states that matters are personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), we have verified that no matters were in fact presented.

*1. Images Located in Unallocated Space*

Appellant alleges the evidence underlying Specifications 5 and 7 of The Charge is legally insufficient to support a conviction because the images at issue were found in the unallocated space of appellant's computer. In Specification 5 of The Charge, the court found appellant guilty of knowingly possessing one image of child pornography on his laptop between on or about 12 January 2012 and about 10 June 2013.[2] In Specification 7 of The Charge, the court found appellant guilty of knowingly possessing three images containing child erotica on his laptop between on or about 12 January 2012 and on or about 10 June 2013.

The government was required to prove for both specifications that the appellant *knowingly* possessed the charged images on his laptop between on or about 12 January 2012 and on or about 10 June 2013. Accordingly, the critical issue we must now decide is not whether the appellant knowingly possessed these images at any time, but whether he possessed them on his laptop between on or about 12 January 2012 and on or about 10 June 2013.

We conclude appellant did possess the four images underlying Specifications 5 and 7 of The Charge that were found in unallocated space between on or about 12 January 2012 and or about 10 June 2013. To support our conclusion, we first consider the technical aspects associated with unallocated space before considering whether a computer user can "possess" a digital file, either actually or constructively, if that file exists only in the unallocated space of a computer.

According to the government's witness, Special Agent (SA) KT, all of the digital files charged in Specifications 5 and 7 of The Charge were found in the unallocated space, which is a "temporary holding area for deleted files." SA KT retrieved these images using EnCase, a forensic software program that allows deleted images in unallocated space to be viewed. According to SA KT, a user does not have the ability to access a digital file once it is moved into unallocated space without utilizing specialized software; there was no evidence of such software on appellant's computer. This testimony is consistent with the definition of "unallocated space" used in federal courts. *See United States v. Hill*, 750 F.3d 982, 988 n.6 (8th Cir. 2014) ("Unallocated space is space on a hard drive that contains deleted data, *usually emptied from the operating system's trash or recycle bin folder*, that cannot be seen or accessed by the user without the use of forensic software. Such space is available to be written over to store new information.") (quoting *United States v. Flyer*, 633 F.3d 911, 918 (9th Cir. 2011)); *United States v.*

---

[2] Appellant was charged with possession of five images; however he was found not guilty of four of the images.

*Seiver*, 692 F.3d 774, 776 (7th Cir. 2012) (explaining that when one deletes a file, that file goes into a "trash" folder; when one empties the "trash folder" the file has not left the computer because although the "trash folder is a wastepaper basket[,] it has no drainage pipe to the outside;" the file may be "recoverable by computer experts" unless it has been overwritten) (citations omitted).[3]

Child pornography found in unallocated space can support a conviction for possession of child pornography. *United States v. McArthur*, 573 F.3d 608, 614-15 (8th Cir. 2009). "Possession," for purposes of determining if appellant knowingly possessed child pornography, has the same definition as that used in Article 112a, UCMJ. *See United States v. Navrestad*, 66 M.J. 262, 267 (C.A.A.F. 2008). "Possess," as used in that article, "means to exercise control of something. Possession may be direct physical custody…or it may be constructive . . . Possession must be knowing and conscious." *Manual for Courts-Martial, United States*, pt. IV, ¶37.c.(2). In *Navrestad*, the Court of Appeals for the Armed Forces, using this definition of "possession," set aside a conviction for possession of child pornography as legally insufficient where the evidence failed to show the defendant had actual or constructive possession of child pornography. *Navrestad*, 66 M.J. at 267-68.

Unlike cases where the government charges possession only on the date the computer is seized, in this case the government charged a range of dates - "between on or about 12 January 2012 and on or about 10 June 2013." This range of dates includes dates that appellant admits he had "possession" of the child pornography. As "possession" for purposes of child pornography requires the possession be both "knowing and conscious," *Navrestad*, 66 M.J. at 267, we hold that the appellant did "knowingly possess" the four images underlying Specifications 5 and 7 of The Charge which were found in unallocated space between on or about 12 January 2012 and on or 10 June 2013.

*2. Images Located in the "Cache" of the cell phone.*

Appellant further alleges the evidence underlying Specification 4 of The Charge is factually and legally insufficient to support a conviction for knowing possession of child pornography on the dates alleged when the only evidence of

---

[3] Digital files found in unallocated space or slack space have also been referred to as "orphan files" because "it is difficult or impossible to trace their origin or date of download." *United States v. Moreland*, 665 F.3d 137, 142 n.2 (5th Cir. 2011) (citing *United States v. Kain*, 589 F.3d 945, 948 (8th Cir. 2009) (stating that "[o]rphan files are files that were on the computer somewhere saved but were subsequently deleted, so the computer doesn't know exactly where they came from")).

possession was that it was located in the cache of appellant's cell phone. We disagree.

Special Agent KT testified that the images found on appellant's cell phone were found in the cache which is where images that are opened on the device are held. According to SA KT, one of the images on the cell phone was created on 19 February 2013 and was accessed approximately three seconds after it was created and never accessed again. The second image of child pornography in the cell phone cache was also viewed shortly after it was received and never accessed again. Both images appeared to be sent and received during a Skype conversation on 19 February 2013. Appellant still possessed these images as he had access to and control of them.

We hold appellant did "knowingly possess" the images underlying Specification 4 of The Charge which were found in the "cache" and "active" files on his cell phone on or about 10 June 2013.

## CONCLUSION

On consideration of the entire record and submissions by the parties, we hold the findings of guilty are correct in law in fact. The findings of guilty and sentence are AFFIRMED.

Senior Judge TOZZI and Judge CELTNIEKS concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court