# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-1439

_____

United States of America

*Plaintiff - Appellee*

v.

Brian Allen Christensen

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Western

_____

Submitted: September 6, 2022
Filed: September 9, 2022
[Unpublished]

_____

Before SHEPHERD, MELLOY, and STRAS, Circuit Judges.

_____

PER CURIAM.

Brian Christensen appeals his conviction and the sentence the district court[1]
imposed after a jury found him guilty of receiving child pornography. His counsel

_____

[1]The Honorable John A. Jarvey, United States District Judge for the Southern
District of Iowa, now retired.

has moved to withdraw and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), challenging the sufficiency of the evidence and the reasonableness of the sentence.

Upon careful de novo review, <u>see</u> <u>United States v. Birdine</u>, 515 F.3d 842, 844 (8th Cir. 2008) (sufficiency of evidence to support conviction is reviewed de novo, viewing evidence in light most favorable to jury verdict, and giving verdict benefit of all reasonable inferences), we conclude that the evidence was sufficient to convict Christensen of knowingly receiving child pornography, <u>see</u> <u>United States v. Kelley</u>, 861 F.3d 790, 797 (8th Cir. 2017); <u>United States v. Hill</u>, 750 F.3d 982, 988-89 (8th Cir. 2014); <u>United States v. Schwarte</u>, 645 F.3d 1022, 1032 (8th Cir. 2011).

We also conclude that Christensen's sentence was not unreasonable, as there is no indication that the court overlooked a relevant factor, gave significant weight to an improper or irrelevant factor, or committed a clear error of judgment in weighing the relevant factors, <u>see</u> <u>United States v. Feemster</u>, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (sentences are reviewed for substantive reasonableness under deferential abuse of discretion standard; abuse of discretion occurs when court fails to consider relevant factor, gives significant weight to improper or irrelevant factor, or commits clear error of judgment in weighing appropriate factors); and the court imposed a sentence below the Guidelines range, <u>see</u> <u>United States v. McCauley</u>, 715 F.3d 1119, 1127 (8th Cir. 2013) (noting that when district court has varied below Guidelines range, it is "nearly inconceivable" that court abused its discretion in not varying downward further).

We have also independently reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), and we find no non-frivolous issues for appeal. Accordingly, we affirm, and we grant counsel's motion to withdraw.

_____