# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3091
_____

United States of America

*Plaintiff - Appellee*

v.

Kyle Garrett Soto

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota - Western
_____

Submitted: December 16, 2022
Filed: January 24, 2023
_____

Before LOKEN, ERICKSON, and KOBES, Circuit Judges.
_____

ERICKSON, Circuit Judge.

A jury convicted Kyle Soto of 15 child pornography-related offenses. On appeal, Soto argues his possession and receipt of child pornography convictions violate the Double Jeopardy Clause and he contends his sentence violates Apprendi v. New Jersey, 530 U.S. 466 (2000). Soto raises an additional argument in a *pro se*

supplemental brief, challenging the sufficiency of the evidence for his convictions.[1] We hold that Apprendi requires the resentencing of Soto for the possession of child pornography conviction. In all other respects, we affirm the district court's judgment.

## I.    BACKGROUND

In early 2018 the Federal Bureau of Investigation received a complaint that an unknown suspect, later identified as Kyle Soto, was soliciting child pornography from W.S., an 11-year-old boy. The FBI referred the matter to the Rhode Island Internet Crimes Against Children task force ("ICAC"). Detective John Nappi of the Rhode Island ICAC learned from W.S.'s guardian that Soto had offered to send W.S. money in exchange for sexually explicit videos of W.S. Soto communicated with W.S. using the email address shane118@gmail.com (the "Shane118 Account"). W.S. had already sent Soto a photograph of his genitalia. When W.S. failed to provide additional material, Soto threatened to share this photograph with W.S.'s mother. Detective Joseph Lavallee of the Rhode Island ICAC assumed W.S.'s online account and identity. Soto offered Detective Lavallee—acting as W.S.—a gift card in exchange for more sexually explicit photos, and when Detective Lavallee failed to provide material, Soto threatened to post sexually explicit material of W.S. online.

Detective Lavallee obtained a search warrant for the Shane118 Account and found numerous videos depicting child pornography. Law enforcement connected the IP Address associated with the Shane118 Account to Soto's address in Rapid City, South Dakota, where he lived with his children and then-wife. Officers executed a search warrant at the premises and collected various electronic devices, including a Dell desktop computer (the "Dell Computer"). Officers also seized a cell phone (the "G930A Phone") from Soto's person.

---

[1]Although "we typically do not consider pro se submissions when an appellant is represented by counsel," United States v. Cheney, 571 F.3d 764, 767 n.3 (8th Cir. 2009), we granted Soto leave to file a supplemental brief.

Investigation revealed that Soto had, under various pseudonyms, used the internet to communicate with and receive sexually explicit material from several minors. Soto used the Shane118 Account to engage in similar tactics as he had with W.S. and receive sexually explicit material from: (1) K.A., a minor female who informed Soto she was 15 years old; (2) N.W. and A.C., minor females who informed Soto they were 13 years old; and (3) A.R., a minor female who informed Soto she was "not 18." Soto also conducted a video chat with "Star Pants," a minor female who engaged in sexual activity while chatting with Soto. Soto saved material depicting each victim in a Google Drive account associated with the Shane118 Account (the "Google Drive Account").

Forensic examination determined the Dell Computer had a profile for "Kyle Soto" and contained 13 images of child pornography. The G930A Phone contained 83 images of child pornography, including material depicting W.S., K.A., N.W., and A.C., as well as material depicting "Pirate Flag" and "Lilo and Stitch," other minor females. The G930A Phone also contained sexually explicit images with red dots, which resulted from the images being created by a camera capturing material on a screen and reflecting the recording light from the camera. Additionally, the G930A Phone was logged into a Dropbox account under the name Jessica Smith (the "Dropbox Account"), which contained pornographic material depicting Pirate Flag as well as other minors including "Jane Doe," "Teal Phone," and "Dxxxxxx." Days after Soto's arrest, Soto's ex-wife provided Soto's old cell phone (the "L710 Phone") and a digital camera (the "Kodak Camera") to law enforcement. The L710 Phone contained child pornography. The Kodak Camera also contained child pornography, including material that contained red dot reflections.

At trial, the government presented evidence that identified Soto as the individual communicating with minors and receiving child pornography. The Shane118 Account contained a photograph of Soto, and Soto admitted he owned the Shane118 Account. Moreover, certain pornographic material included split-screen video chat recordings or images that depicted Soto's household on the suspect's side of the screen. Similarly, in the split-screen video chat with Star Pants, the suspect's

-3-

side of the screen reflected a user in Soto's household wearing gray shorts, and his ex-wife later provided Soto's matching gray shorts to police. Additionally, during the Star Pants video, the suspect turned the camera on his penis, and his ex-wife identified the penis as Soto's. When Soto was arrested, he was wearing a pair of gym shorts that matched shorts the suspect wore in one split-screen video chat recording.

A grand jury indicted Soto on fifteen counts, which included: (1) four counts of sexual exploitation, in violation of 18 U.S.C. § 2251(a); (2) two counts of attempted sexual exploitation, in violation of 18 U.S.C. § 2251(a) and (e); (3) five counts of enticement of a minor, in violation of 18 U.S.C. § 2422(b); (4) one count of attempted enticement of a minor, in violation of 18 U.S.C. § 2422(b); (5) one count of receipt of child pornography based on material in the Dropbox Account, in violation of 18 U.S.C. § 2252A(a)(2)(A); (6) one count of receipt of child pornography based on material in the Shane118 Account and the Google Drive Account, in violation of 18 U.S.C. § 2252A(a)(2)(A); and (7) one count of possession of child pornography based on material located on Soto's electronic devices, in violation of 18 U.S.C. § 2252A(a)(5)(B).

Soto proceeded to trial. At the close of evidence, Soto moved for a judgment of acquittal as to all counts, specifically arguing for dismissal of the charges regarding A.R. and Star Pants because those victims never mentioned their ages. The court denied the motion, reasoning the jury could make its own determinations as to the victims' ages based on the pornographic material presented. The jury found Soto guilty on all counts. Soto did not request, and the district court did not give, an instruction that the jury could not convict Soto for both receipt and possession based on the same images or videos. The district court sentenced Soto to the statutory maximum of 20 years' imprisonment for the possession of child pornography count and concurrent 30-year terms on the remaining counts.

## II. DISCUSSION

Soto raises three arguments on appeal: (1) the evidence was insufficient to support his convictions; (2) the district court erred by failing to instruct the jury it could not convict him for receipt and possession of child pornography based on the same material because doing so would violate the Double Jeopardy Clause; and (3) his 20-year sentence on the possession conviction violates <u>Apprendi</u>. We address each issue in turn.

### A.      Sufficiency of the Evidence

We review "the denial of a motion for a judgment of acquittal based on the sufficiency of the evidence *de novo*." <u>United States v. Little</u>, 961 F.3d 1035, 1037 (8th Cir. 2020) (citation omitted). We "affirm unless, viewing the evidence in the light most favorable to the Government and accepting all reasonable inferences that may be drawn in favor of the verdict, no reasonable jury could have found the defendant guilty." <u>Id.</u> (citation omitted). We do not "weigh the evidence or assess the credibility of witnesses." <u>United States v. Garcia-Hernandez</u>, 530 F.3d 657, 661 (8th Cir. 2008) (citation omitted).

Soto contends the evidence does not establish he was the person who committed the offenses. He argues that, at most, he was depicted only in the material involving Star Pants. Separately, Soto argues the government failed to demonstrate Star Pants or A.R. were minors. Soto's claims are belied by evidence in the record.

Soto himself recognizes "the circumstantial evidence presented at trial could very well point towards Soto being the suspect." His arguments also ignore the video chat evidence regarding depictions of his household and that his devices and accounts contained the incriminating material. A reasonable jury could conclude that Soto controlled and accessed the relevant accounts because the accounts were accessed on his devices.

As to Soto's other arguments, there was sufficient evidence submitted to the jury establishing the victims were minors, including: (1) W.S. testified he was 11 years old; (2) K.A. testified she was 15 and she informed Soto she was 15 years old; and (3) N.W. and A.C. informed Soto they were 13 years old, and their birth certificates introduced at trial corroborate their ages. Also, the material depicting all victims—including Star Pants and A.R.—demonstrates they were minors based on their physical characteristics. The jury viewed the material and was able to draw its own independent conclusion as to whether children were depicted. See United States v. Vig, 167 F.3d 443, 449 (8th Cir. 1999) (citing United States v. Broyles, 37 F.3d 1314, 1317 (8th Cir. 1994)); see also United States v. Koch, 625 F.3d 470, 479 (8th Cir. 2010) ("We have previously upheld convictions under the same statute where, as here, the images themselves were the only evidence presented by the government on the issue but were found sufficient."). The evidence was sufficient to sustain the convictions.

**B.    Double Jeopardy**

Because possession of child pornography is a lesser-included offense of receipt of child pornography, the Double Jeopardy Clause precludes a defendant's conviction for committing both offenses based on the same facts. United States v. Muhlenbruch, 634 F.3d 987, 1003-04, 1003 n.6 (8th Cir. 2011). When a defendant fails to request that the district court instruct the jury it may not convict him for both receipt and possession of child pornography based on the same material, we review the court's failure to provide such an instruction for plain error. United States v. Morrissey, 895 F.3d 541, 547 (8th Cir. 2018) (citation omitted).

The district court did not commit plain error in instructing the jury. Soto's devices contained unique material that was not present in Soto's online accounts. During closing argument, the government adequately distinguished the different material that supported each conviction. The government highlighted the material in the Dropbox Account included material depicting Pirate Flag, Jane Doe, Teal Phone, and Dxxxxxx. The government emphasized the Shane118 Account and the

-6-

Google Drive Account included material depicting W.S., K.A., N.W., A.C., A.R., and Star Pants. The government also explained Soto's electronic devices contained material depicting Lilo and Stitch and material with a red dot reflection. While some images and videos were present in multiple locations, the indictment, evidence at trial, and the government's closing argument sufficiently distinguished the images that supported the receipt convictions and the possession conviction. Cf. United States v. Hill, 750 F.3d 982, 987 n.5 (8th Cir. 2014).

### C.    Sentencing

Under Apprendi, "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490. A defendant convicted for possession of child pornography "shall be . . . imprisoned not more than 10 years[] . . . but, if any image . . . involved in the offense involved a prepubescent minor or a minor who had not attained 12 years of age, such person shall be . . . imprisoned for not more than 20 years[] . . . ." 18 U.S.C. § 2252A(a)(5)(B), (b)(2). Here, the jury made no finding of a qualifying minor victim, so the statutory maximum sentence the district court can impose is 10 years. Because the district court's sentence on the possession conviction runs afoul of Apprendi, we vacate the sentence and remand for resentencing.

## III.   CONCLUSION

Soto's motion to take judicial notice is denied. Soto's convictions and sentences for sexual exploitation, attempted sexual exploitation, enticement, attempted enticement, and receipt of child pornography are affirmed. Soto's sentence on the possession of child pornography conviction is vacated. We remand for proceedings consistent with this opinion.

_____